STATE of Minnesota, Respondent,

v.

Earl Leon OWENS, Appellant.

No. 51234.

Supreme Court of Minnesota,
En Banc.

May 1, 1981.

C. Paul Jones, Public Defender, Robert J. Streitz, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Thomas L. Fabel, Deputy Atty. Gen., St. Paul, Larry Mickelberg, County Atty., Moorhead, for respondent.

TODD, Justice.

Defendant was found guilty by a district court jury of burglary and three counts of criminal sexual conduct for his conduct in breaking into an apartment and raping the woman who resided therein. The district court adjudicated defendant guilty only of the burglary and one count of criminal sexual conduct in the first degree, Minn.Stat. §§ 609.58, subd. 2(1)(b), and 609.342(c) (1980), and sentenced defendant on those

two counts to concurrent 20-year prison terms. On this appeal from judgment of conviction, defendant contends: (1) that the convictions should be reversed because the evidence of his guilt was legally insufficient; (2) he should receive a new trial because the trial court prejudicially erred in (a) refusing to permit the defense to cross-examine the victim about other sexual conduct with a different man, and (b) refusing to instruct the jury that it could consider the victim's failure to complain promptly in determining whether a rape actually occurred; and (3) that, at the very least, two of the three convictions which were based on the same act should be vacated pursuant to Minn.Stat. § 609.04 (1980). We affirm.

■ 1. There is no merit to the contention that the evidence of defendant's guilt was legally insufficient. Complainant's testimony was positive and her credibility was unimpeached, whereas defendant's statements to the police changed a number of times and his credibility as a witness at trial was impeached by a prior conviction. Also, complainant's testimony was corroborated in a number of significant ways.

■ 2(a). Defendant's contention that the trial court erred in excluding certain evidence concerning other sexual conduct by the victim is answered by reference to Minn.R.Evid. 404(c)(1).[1] The issue at trial was consent, but the evidence in question did not establish "a common scheme or plan of similar sexual conduct under circumstances similar to the case at issue, relevant and material to the issue of consent." Minn.R.Evid. 404(c)(1)(A). Further, the trial court determined that the potential of the evidence for unfair prejudice substantially outweighed any probative value which the evidence had. Under the circumstances, there is no valid constitutional objection to the exclusion. *See State v. Hamilton,* 289 N.W.2d 470, 475–77 (Minn.1979).

■ (b) The only other allegation of trial error relates to the trial court's refusal to specifically instruct on the significance of a complainant's delay in complaining.[2] Although failure to complain promptly might, in some cases, bear on the issue of whether a sexual assault occurred, and although defense counsel is always free to argue the significance of any failure to complain promptly, we are acutely aware that there are often reasons which have nothing to do with guilt or innocence which explain a sexual assault victim's failure to complain immediately. We therefore do not intend to require or encourage trial courts in a case such as this to give an instruction such as that requested by defense counsel.

■ 3. Defendant's final contention is that this court is required by Minn.Stat. § 609.04 (1980) to vacate two of the three convictions for criminal sexual conduct because they were convictions of the same offense or a lesser-included offense of the one for which he was sentenced and because they were based on the same single sexual act. *See State v. Koonsman,* 281 N.W.2d 487 (Minn.1979). Because our examination of the record clearly reveals that defendant was never formally adjudicated guilty of either of the two sex offenses for which he was not sentenced, we do not decide the hypothetical issue of the applicability of Minn.Stat. § 609.04. *State v. Terry,* 295 N.W.2d 95 (Minn.1980).

Affirmed.

---

1. For an excellent discussion, comparison, and critique of the different types of so-called rape shield laws, including Minnesota's, *see* Berger, *Rape Cases in the Courtroom,* 77 Colum.L.Rev. 1 (1977).

2. The proposed instruction read as follows:
    If you, the jury, believe from the evidence that, at the time the offense is alleged to have been committed, the prosecuting witness did not, as soon as an opportunity was offered, complain of the offense to others, but concealed it for a considerable length of time thereafter, then you may take this circumstance into consideration with all the other evidence in determining the guilt or innocence of the defendant and whether, in fact, a rape was committed or not.