**STATE of Minnesota, Respondent,**

v.

**Robert Alvin MARTINSON, Appellant.**

**No. 81-17.**

Supreme Court of Minnesota.

Nov. 20, 1981.

C. Paul Jones, Public Defender, and Mollie G. Raskind, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Robert W. Johnson, County Atty., and Richard A. Trachy, Asst. County Atty., Anoka, for respondent.

SIMONETT, Justice.

Defendant was found guilty by a district court jury of four different charges—kidnapping, two counts of criminal sexual conduct in the first degree, and one count of criminal sexual conduct in the third degree: Minn.Stat. §§ 609.25, subd. 1(2), 609.342(c, d), and 609.344(b) (1980)—all arising from a single-behavioral incident occurring on February 12, 1980. The judge who presided at the trial died after the trial but before sentencing. A different judge, having familiarized himself with the facts, sentenced defendant to 43 months in prison for one count of criminal sexual conduct in the first degree, in violation of section 609.342(c). Although the Sentencing Guidelines are not applicable to prosecutions for crimes committed before May 1, 1980, the court imposed the presumptive sentence established for one with a zero criminal history score who commits an offense of this degree of seriousness. Defendant's appeal raises issues of sufficiency of the evidence and applicability of section 609.04, which bars multiple convictions for the same offense (or a greater offense and a lesser-included offense) on the basis of the same criminal act. The state argues that the evidence was sufficient and that the second issue is a hypothetical question because defendant was formally adjudicated guilty of only one offense, namely the one for which he was sentenced. We affirm.

We agree with the state that the evidence of defendant's guilt of the offense for which he was sentenced was sufficient. The state's evidence established that defendant offered a ride to a 15-year-old girl who had missed her school bus, then used a realistic-looking but inoperable model revolver to force her to submit to sexual penetration. The victim promptly complained to her mother and then to the police and provided police with the license number of defendant's car. The evidence established that defendant had the opportunity

to commit the crime and, after first claiming otherwise, he admitted he had picked up the girl. The jury was not required to believe his exculpatory version of the events, namely, that he had merely tried to scare the girl but really had not forced her to submit to sexual penetration.

The other issue raised by defendant, the applicability of section 609.04, is based on the supposition that defendant was actually convicted of four offenses. However, our examination of the record fails to establish that defendant was formally adjudicated guilty of any offense other than that for which he was sentenced. Accordingly, as in *State v. Owens*, 304 N.W.2d 916 (Minn. 1981), and *State v. Terry*, 295 N.W.2d 95 (Minn.1980), we conclude that the issue is a hypothetical question which we need not decide.

Affirmed.