STATE of Minnesota, petitioner,
Appellant,

v.

Richard Leroy PFLEPSEN, Respondent.

No. C0–98–616.

Supreme Court of Minnesota.

April 1, 1999.

---

Michael Hatch, Minnesota Attorney General, St. Paul, James Backstrom, Dakota County Attorney, Charles A. Diemer, Assistant Dakota County Attorney, Hastings, for appellant.

John M. Stuart, State Public Defender, Susan K. Maki, Assistant State Public Defender, Minneapolis, for respondent.

OPINION

PAUL H. ANDERSON, Justice.

At issue in this case are several complicated procedural questions stemming from the sentencing of respondent Richard Leroy Pflepsen. Pflepsen was sentenced by the Dakota County District Court for three crimes—criminal vehicular operation, careless driving, and inattentive driving—all arising out of the same December 27, 1994 automobile collision. We must determine whether the district court followed the proper procedure in: (1) sentencing Pflepsen after a jury found him guilty of the three above-named offenses; and (2) resentencing Pflepsen for the lesser-included misdemeanor convictions—careless driving and inattentive driving—after the Minnesota Court of Appeals vacated Pflepsen's felony criminal vehicular operations conviction. As a preliminary matter, we also must decide whether the court of appeals had authority to treat Pflepsen's improper notice of appeal as a petition for a writ of prohibition and to then review his claim. We reverse the court of appeals, vacate the district court's sentencing orders, and remand for adjudication of conviction and resentencing.

On December 27, 1994, while driving his automobile south on Highway 35E in Eagan, Minnesota, Pflepsen ran into a Chevrolet Beretta that was stalled on the shoulder of the highway. The Beretta's owner and her father, who were standing in front of the Beretta, were severely injured in the collision. A grand jury subsequently indicted Pflepsen for one count each of criminal vehicular operation, careless driving, and inattentive driving, all arising from the December 27 collision. Criminal vehicular operation is a felony offense; the other two offenses are lesser-included misdemeanors. *See* Minn. Stat. §§ 609.21, subd. 2a, 169.13, subd. 2, and 169.14, subd. 1 (1998).

Following trial, a jury found Pflepsen guilty on all three counts. The district court held a sentencing hearing on July 10, 1996. Prior to that hearing, the Beretta's owner had filed a Request for Restitution in accordance with Minn.Stat. § 611A.04, subd. 1 (1998), in which she requested $139,591.25 in restitution for medical costs, lost wages, and

other miscellaneous losses. At the July 10 hearing, both Pflepsen and his counsel discussed Pflepsen's ability to pay the proposed restitution. The court then issued the following sentencing order:

At this time then, the Court adjudges you guilty, Richard Leroy Pflepsen, of the crime of—crimes of criminal vehicular operation resulting in substantial bodily harm, careless driving and inattentive driving.

The court will stay imposition of sentence and place you on probation to Dakota County Community Corrections for a period of five years.

\* \* \* \*

Because you're not employed at this time, Mr. Pflepsen, I'm not going to impose any fine except a mandatory surcharge of $50. I will, however, order that you pay restitution to the victim; the sum of restitution has been determined to be $139,591.25

The sentencing hearing closed with the following exchange between the district court and the prosecutor:

[**Prosecutor**]: Your Honor, just one more thing for the record. It's a stickler. It's kind of a nuisance, I realize it. But I think you understand Chapter 609, he can only be convicted of criminal vehicular operation, the other two are lesser included, so there should be a conviction entered for those lesser two charges by the clerk when they do their paperwork.

**The Court:** Okay.

The court's written sentencing order states that Pflepsen was found guilty of all three offenses, but does not specify for which count(s) Pflepsen was formally convicted or sentenced. Similarly, the Warrant of Commitment lists all three offenses without specifying for which count(s) the probation conditions were imposed.

On August 26, 1996, Pflepsen appealed from the court's judgment. Concluding that Pflepsen's conduct was "easily negligent driving, but [was] not close [to] the egregious driving conduct needed to sustain a [criminal vehicular operation] verdict," the court of appeals reversed Pflepsen's conviction for that offense, but gave no instructions with

respect to the proper disposition of the remaining offenses of which Pflepsen had been found guilty. *See State v. Pflepsen*, No. C3-96-1691, 1997 WL 243443 at \*2 (Minn.App. May 13, 1997). The state petitioned for review of the court of appeals' decision, but we denied that petition on August 5, 1997. Judgment was entered on the court of appeals' decision on August 25, 1997. *See* Minn. R. Civ.App. P. 136.02 ("Judgment shall be entered immediately upon the denial of a petition for review or rehearing.").

On September 2, 1997, the district court, on its own motion and without a hearing, issued an order vacating Pflepsen's conviction for criminal vehicular operation. The court's order further provided that

[Pflepsen] shall stand convicted of careless driving and inattentive driving. In view of the conviction being for misdemeanor offenses, the one-year probationary period at this time has expired and the defendant shall be further discharged from probation in this matter.

This order made no mention of restitution. Neither Pflepsen nor his attorneys were notified prior to issuance of the resentencing order. The record does not reflect that Pflepsen waived his right to be present at the resentencing.

In a letter dated September 23, 1997 from the Dakota County Attorney's office to the district court, the county attorney inquired about the status of the court's earlier restitution order and asked that the restitution order be reinstated and converted into a civil judgment. In a response letter, the court wrote, "[i]n view of a civil lawsuit pending to address the issue of damages, I don't believe it is necessary for the Court to take any further action regarding the matter of restitution." The county attorney wrote to the court again on October 2, 1997, informing the court that there was, in fact, no civil lawsuit pending against Pflepsen. Quoting Minn. Stat. § 611A.04, subd. 1, the county attorney also pointed out that a "civil action involving the alleged crime shall not be used by the Court as a basis to deny a victim's right to obtain court ordered restitution." In the letter, the county attorney again asked the court to issue an order for the restitution

previously ordered and to docket that order as a civil judgment.

On October 28, 1997, the district court ordered restitution in the amount of $139,-376.25[1] and ordered that the restitution be docketed as a civil judgment against Pflepsen pursuant to Minn.Stat. § 611A.04. Shortly thereafter, the state public defender sent the court a letter asking why the October 28 order was filed. In a response letter dated November 10, 1997, the court informed the public defender that the court believed the restitution order was "mandated by law."

Pflepsen moved to vacate the October 28 order. On March 9, 1998, the district court denied Pflepsen's motion, noting that Minn. Stat. § 611A.04, subds. 1 and 3 "mandated that restitution ordered in a criminal case be docketed as a civil judgment, regardless of the pendency of any civil proceeding." The court concluded that it had "erred in not including restitution in its September 2nd order," and that its error was "an oversight amounting to a clerical mistake" that could be corrected.

On April 7, 1998, Pflepsen filed a document with the court of appeals titled "Notice of Appeal to the Court of Appeals." The body of that notice of appeal said "PLEASE TAKE NOTE that * * * [Pflepsen] hereby appeals to the Court of Appeals of the State of Minnesota, from the *Order Denying Motion for Correction of Sentence* of the District Court of Dakota County." The state moved to dismiss Pflepsen's appeal, arguing that Pflepsen failed to follow the proper procedure for securing review of the sentencing order. Specifically, the state argued that, under Minn. R.Crim. P. 28.02, Pflepsen had no appeal as of right from a misdemeanor sentencing order and could secure review only through a petition for discretionary review.

The court of appeals agreed that Pflepsen had no right of appeal from the sentencing order, but nonetheless determined that, within its discretion, it could and would treat the erroneous notice of appeal as a petition for a writ of prohibition. The court of appeals then ordered the state to serve a response to the petition. The state complied and the court of appeals reviewed Pflepsen's claim as a petition for a writ of prohibition.

In an unpublished order, the court of appeals granted the writ and vacated the October 28 restitution order. The court reasoned that, under Minn.Stat. § 609.135, subd. 2(e) (1996) (current version at Minn.Stat. § 609.135, subd. 2(f) (1998)), the maximum time for probation Pflepsen could have received for a misdemeanor conviction was one year. The court then held that "[o]nce the statutory maximum probationary period has expired, the court ha[s] no authority to modify the sentence." The court of appeals determined that, because Pflepsen's original sentencing date had been July 10, 1996, the district court's authority to impose a restitution order in connection with the misdemeanor sentence expired on July 10, 1997. The court of appeals further held that, although Minn. R.Crim. P. 27.03, subd. 8 allows a court to correct clerical mistakes, it "does not extend the court's sentencing authority beyond the statutory one-year period provided in Minn.Stat. § 609.135, subd. 2(e)."

On appeal to this court, the state argues that the decision of the court of appeals must be reversed for the following reasons: (1) the court of appeals lacked authority to construe Pflepsen's notice of appeal to be a petition for writ of prohibition, and (2) the court of appeals erred when it held that the district court lacked the authority to issue the October 28 restitution order.

I.

■ Questions concerning the authority and jurisdiction of the lower courts are legal issues subject to de novo review. *See Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984). Appeals of criminal cases to the court of appeals are governed by Rule 28 of the Minnesota Rules of Criminal Procedure. When Rule 28 is silent, the Rules of Civil Appellate Procedure govern criminal appellate procedure to the extent applicable. Minn. R.Crim. P. 28.01, subd. 2. With respect to appeals of a sentencing order, Minn. R.Crim. P. 28.02, subd. 2(3) provides that "[a]

---

**1.** There is nothing in the record to indicate why the amount of restitution required in this subsequent order differed from the amount of restitution originally requested and ordered.

defendant may appeal as of right from any sentence imposed or stayed in a *felony* case. All other sentences may be reviewed only pursuant to Rule 28.02, subd. 3." (emphasis added). In turn, Rule 28.02, subd. 3 provides that "in the interests of justice and *upon petition of the defendant*" the court of appeals "may allow an appeal from an order not otherwise appealable." (Emphasis added.) Accordingly, under Rule 28.02, subds. 2 and 3, the proper procedure for appealing a misdemeanor or gross misdemeanor sentencing order is to file a petition for discretionary review with the court of appeals.[2]

The actions of a lower court also may be reviewed pursuant to petitions for extraordinary writs. *See* Minn. R. Civ.App. P. 120. As with the rules governing appeals from misdemeanor sentencing orders, the rules governing writs provide that application for extraordinary writs "shall be made by petition." Minn. R. Civ.App. P. 120.01.

■ We agree that, technically, the procedures followed by Pflepsen in seeking review of the district court's October 28 order and by the court of appeals in treating Pflepsen's notice of appeal as a petition for a writ of prohibition are not specifically authorized by either the Rules of Criminal Procedure or the Rules of Civil Appellate Procedure. However, we find no merit in the state's claim that the court of appeals was without authority to waive or suspend the technical procedural requirements and treat Pflepsen's notice of appeal as a petition for a writ of prohibition.

Rule 28.01, subd. 3 of the Minnesota Rules of Criminal Procedure states:

In the interest of expediting decision, or for other good cause shown, the Court of Appeals may suspend the requirements or provisions of any of these rules in a particular case on application of a party or on its initiative and may order proceedings in accordance with its direction, but the Court of Appeals may not alter the time for filing notice of appeal except as provided by these rules.

Rule 102 of the Minnesota Rules of Civil Appellate Procedure grants the court of appeals similar authority to suspend for good cause the rules governing civil appeals, except those rules relating to time limits for bringing an appeal. Here, there is no dispute that Pflepsen filed notice of appeal from his sentencing order within the time period allowed for filing of a notice of appeal or a petition for discretionary review. *See* Minn. R.Crim. P. 28.02, subds. 2(3) and 3, Minn. R.Crim. P. 28.05, subd. 1. There is no time limitation for filing a petition for a writ of prohibition. Minn. R. Civ.App. P. 120. Accordingly, we hold that under the express language of Minn. R.Crim. P. 28.01, subd. 3 and Minn. R. Civ.App. P. 102, the court of appeals had authority to suspend the technical requirements of the rules and to treat Pflepsen's notice of appeal as a petition for writ of prohibition.

## II.

■ Having held that the court of appeals had authority to hear Pflepsen's appeal, we proceed to consider the state's argument that the court of appeals erred when it concluded the district court lacked authority to order restitution via the October 28, 1997 order. "[C]ourts have no inherent authority to impose terms or conditions of sentence for criminal acts." *State v. Olson,* 325 N.W.2d 13, 17 (Minn.1982) (citing *State v. Osterloh,* 275 N.W.2d 578 (Minn.1978)). Rather, the power to prescribe punishment for criminal acts is vested with the legislature and the judiciary may only impose sentences within the statutory limits prescribed by the legislature. *Id.* at 17; *Osterloh,* 275 N.W.2d at 580. Therefore, in analyzing the legitimacy of the district court's restitution order, we first must look to the legislature's mandate with respect to restitution.

Minnesota Statute section 611A.04, subdivision 1(a) (1998), provides that "[a] victim of a crime has the right to receive restitution as part of the disposition of a criminal charge * * * if the offender is convicted." Courts

---

**2.** We note that there are certain exceptions to this general rule and that certain questions, including constitutional arguments concerning sentencing, continue to be reviewable on a direct appeal from judgment of conviction. *See State v.*

*Whitledge,* 500 N.W.2d 488, 489–90 (Minn.1993). However, because Pflepsen's notice of appeal was not from his judgment but was rather from the sentencing order, we need not address whether these exceptions apply.

have specific statutory authority to order restitution as part of the disposition of a felony, gross misdemeanor, or misdemeanor offense. *See* Minn.Stat. §§ 609.10, subd. 1(5), 609.125, subd. 1(4) (1998). Moreover, if the imposition or execution of the defendant's sentence is stayed, a court has statutory authority to order restitution as a condition of probation or as an intermediate sanction without probation. *See* Minn.Stat. § 609.135, subd. 1 (1998).

The district court originally ordered Pflepsen to serve five years probation and pay restitution to his victim. Once Pflepsen's felony criminal vehicular operation conviction was vacated, however, that five-year probationary term could not stand because the remaining offenses of which Pflepsen had been found guilty—careless driving and inattentive driving—were both misdemeanors. Absent a violation of a condition of probation, the maximum length of stay for a misdemeanor conviction is one year. *See* Minn. Stat. § 609.135, subd. 2(f) (1998).

The court of appeals' decision vacating Pflepsen's felony conviction became final on August 25, 1997. By this time, Pflepsen had already been on probation for over one year—the maximum probationary period permitted by Minn.Stat. § 609.135, subd. 2(f). The court of appeals concluded that "once the statutory maximum probationary period ha[d] expired, the [district] court ha[d] no authority to modify the sentence." Apparently relying on Pflepsen's original sentencing date—July 10, 1996—the court of appeals then concluded that "[t]he conditions of any misdemeanor sentence the district court could have imposed after the reversal of the felony conviction would have expired on July 10, 1997, one year after sentencing." Accordingly, the court of appeals held that, on October 28, 1997, the district court lacked authority to order any restitution in connection with the disposition of the remaining misdemeanor convictions.

■■■ We agree with the court of appeals' determination that a district court lacks authority to modify the conditions of probation once probation has expired. A court's power to impose any sentence must come from the legislature. *See Olson*, 325 N.W.2d at 17. There is no statute that specifically grants courts the power to modify a

condition of probation once probation has expired. Minnesota Statute section 611A.04, subdivision 1(b)(1) (1998) provides that, under certain circumstances, "[t]he court may amend or issue an order of restitution after the sentencing or dispositional hearing if: * * * the offender is *on probation*, committed to the commissioner of corrections, or on supervised release." (emphasis added). The statute grants courts no authority to order restitution once the defendant has been discharged from probation by operation of statute or otherwise. Similarly, Minn.Stat. § 609.135, subd. 1 (1998) provides that restitution may be imposed as a condition of probation, but is silent regarding courts' authority to impose restitution once probation has expired. The Rules of Criminal Procedure likewise grant courts authority to "modify a sentence *during* either a stay of imposition or stay of execution of sentence," but grant no authority to modify a sentence once that stay has expired. Minn. R.Crim. P. 27.03, subd. 9 (emphasis added).

■■■ However, while we agree that a district court may not modify a condition of probation after probation has expired, we disagree with the court of appeals' conclusion that the district court's authority to impose restitution in connection with Pflepsen's misdemeanor conviction expired on July 10, 1997—one year from the date of Pflepsen's original sentencing.

Minnesota law prohibits a criminal defendant from receiving multiple punishments for conviction arising out of a single behavioral incident. *See* Minn.Stat. § 609.035, subd. 1 (1998). Further, Minnesota law prohibits a criminal defendant convicted of one offense from also being convicted of any included offenses. Minn.Stat. § 609.04, subd. 1 (1998). The statutory definition of included offenses includes "[a] crime necessarily proved if the crime charged were proved." Minn.Stat. § 609.04, subd. 1(4) (1998).

In the present case, all of the offenses of which Pflepsen was found guilty arose from a single behavioral incident—the December 27, 1994 automobile collision. Furthermore, the essential elements of careless driving and inattentive driving—negligent operation of a motor vehicle—were necessarily proved

when the state proved the elements of criminal vehicular operation. *See* Minn.Stat. §§ 609.21, subd. 2a, 169.13, subd. 2, and 169.14, subd. 1; *see also* 10 Minn. Dist. Judges Ass'n, *Minnesota Practice,* CRIMJIG 11.28 (3d ed. 1998 Supp.); 10A Minn. Dist. Judges Ass'n., *Minnesota Practice,* CRIMJIG 29.23 (3d ed.1990). Therefore, the three offenses were included offenses as defined in Minn.Stat. § 609.04, subd. 1(4). Thus, on July 10, 1996—the date of Pflepsen's original sentencing—the district court lacked authority to formally adjudicate Pflepsen convicted of, or sentence him for, more than one offense.

We established the proper procedure to be followed by the district court in such circumstances in *State v. LaTourelle,* 343 N.W.2d 277 (Minn.1984):

[W]hen the defendant is convicted on more than one charge for the same act * * * the court [is] to adjudicate formally and impose sentence on one count only. The remaining conviction(s) should not be formally adjudicated at this time. If the adjudicated conviction is later vacated for a reason not relevant to the remaining unadjudicated conviction(s), one of the remaining unadjudicated convictions can then be formally adjudicated and sentence imposed, with credit, of course, given for time already served on the vacated sentence.

*Id.* at 284. Under this procedure, if a defendant's adjudicated conviction is vacated, a district court does not lose jurisdiction over any lesser-included crime(s) of which the defendant was also found guilty. Rather, a finding of guilt with respect to those lesser-included offenses remains intact and the district court retains jurisdiction to formally convict and sentence the defendant for such crimes. *Id.; see also State v. Wilson,* 539 N.W.2d 241, 247 (Minn.1995) (holding that, while the formal adjudication of a lesser-included offense must be vacated if imposed in violation of Minn.Stat. § 609.04, the underlying guilty verdicts remain in force).

In this case, under Minn.Stat. §§ 609.035, subd. 1, and 609.04, subd. 1, the district court had no authority to impose a sentence or stay of sentence in connection with Pflepsen's lesser-included misdemeanor offenses until after the court of appeals vacated Pflepsen's felony conviction. Thus, on July 10, 1996,

the district court could legally have ordered Pflepsen only to serve probation in connection with the *felony* conviction. Accordingly, the court of appeals erred in using July 10, 1996 as the date of commencement of Pflepsen's misdemeanor convictions and probation and in concluding that Pflepsen's misdemeanor probation expired by operation of statute on July 10, 1997. Instead, the court of appeals should have looked to the district court's September 2, 1997 sentencing order.

As our holding in *LaTourelle* indicates, after the court of appeals vacated Pflepsen's felony conviction, the district court retained jurisdiction to impose, for the first time, a sentence or stay of sentence for one of Pflepsen's two lesser-included misdemeanor offenses. The district court apparently tried to exercise that jurisdiction by issuing the September 2 order purporting to impose convictions for Pflepsen's two lesser-included misdemeanor offenses. Under Minn.Stat. § 609.125, subd. 1(4), a district court is expressly authorized to order restitution as part of a misdemeanor sentence. Accordingly, because September 2, 1997 marked the first time a valid sentence could be imposed in connection with Pflepsen's misdemeanor convictions, it was within the district court's jurisdiction to order restitution at that time.

We must point out, however, that the district court's sentencing options on September 2, 1997 were not without limits. Under *LaTourelle,* upon resentencing a defendant, a district court is required to give the defendant credit for time already served on probation or incarceration. *See* 343 N.W.2d at 284. By September 2, 1997, Pflepsen had already been on probation in connection with his vacated felony conviction for more than one year. Under Minn.Stat. § 609.135, subd. 2(f), the maximum length of probation that can be imposed in connection with a misdemeanor sentence is one year. Because the district court was obligated to give Pflepsen credit for the time he had already spent on probation and because Pflepsen's time on probation had already exceeded the maximum statutory limits allowed under his new misdemeanor conviction, the district court, on September 2, 1997, could not have sentenced Pflepsen to additional incarceration or proba-

tion. We also point out that Minn. R.Crim. P. 27.03, subd. 2 requires that, absent a voluntary waiver, a criminal defendant "must be present * * * at the time sentence is pronounced."

## III.

■ Our determination that the district court had jurisdiction to order restitution on September 2, 1997 does not end our analysis, however, because the district court's September 2 order contains two potentially critical errors. First, in violation of Minn.Stat. § 609.04, subd. 1, the order impermissibly adjudicated convictions for both of Pflepsen's misdemeanor offenses despite the fact that the misdemeanors were included offenses. Second, although the court could have ordered restitution in connection with a misdemeanor sentence on September 2, 1997, the order issued on that date omits any mention of restitution. Instead, restitution was not ordered in connection with Pflepsen's misdemeanor convictions until October 28, 1997. We need not address the consequences of omitting restitution in the September 2 order, however, because the first error in the September 2 order—the adjudication of convictions for both included misdemeanor offenses—dictates that we vacate Pflepsen's convictions and remand the case for resentencing.

With respect to the first error, we recognize that there remains substantial confusion as to what constitutes a conviction within the meaning of Minn.Stat. § 609.04. We have long recognized that the "conviction" prohibited by this statute is not a guilty verdict, but is rather a formal adjudication of guilt. *See State v. Martinson,* 312 N.W.2d 249, 251 (Minn.1981). Because the testimony and statements recorded in hearing and trial transcripts are often imprecise and unclear

with respect to sentencing and conviction orders, we typically look to the official judgment of conviction, which generally appears as a separate entry in the file, as conclusive evidence · of whether an offense has been formally adjudicated. *See State v. Plan,* 316 N.W.2d 727, 729 (Minn.1982). When this official judgment order states that a party has been convicted of or sentenced for more than one included offense, we have vacated the conviction(s). *See id.* When the official judgment order states that a party has been convicted of and sentenced for only one included offense, we have upheld the defendant's conviction(s). *See State v. Fratzke,* 354 N.W.2d 402, 410 (Minn.1984). To avoid further confusion, we caution ˙district courts to be very clear when issuing conviction orders and to include in the orders only the offense(s) of which the defendant is being formally adjudicated guilty.

In the present case, the September 2 order expressly states that "[t]he defendant shall stand convicted of careless driving and inattentive driving." We hold this order to be a "formal adjudication of guilt" for both included misdemeanor offenses, and thus to be in violation of Minn.Stat. § 609.04, subd. 1.[3] Accordingly, we vacate Pflepsen's misdemeanor convictions and remand this case to the district court for adjudication of a conviction on only one of Pflepsen's misdemeanor offenses and for resentencing on that offense.

## IV.

■ Having determined that this case must be remanded for adjudication of conviction and resentencing, we next determine whether, on remand, the district court may order restitution in connection with the misdemeanor conviction. In *State v. Holmes,*

3. We also note that the district court's original sentencing order issued on July 10, 1996 likely violated Minn.Stat. § 609.04, subd. 1 by adjudicating convictions for all three of Pflepsen's included offenses. The transcript from that hearing states that Pflepsen was "adjudge[d] guilty" of all three offenses. Neither the transcript nor the written sentencing order suggest that Pflepsen was actually convicted of or sentenced to probation for only one offense as opposed to all three. Moreover, although it appears that the county attorney attempted to warn the court at the sentencing hearing about Minn.Stat.

§ 609.04's prohibition on multiple convictions, the transcript indicates that the attorney, in fact, misspoke and said "there *should be* a conviction entered for those lesser two charges by the clerk when they do their paperwork" (emphasis added). However, because Pflepsen's felony conviction was effectively vacated by the court of appeals on Pflepsen's first appeal and because the district court's September 2 order superceded its July 10, 1996 order with respect to the misdemeanor offenses, we will not address the July 10 order other than to note that it has no continuing validity or effect.

281 Minn. 294, 161 N.W.2d 650 (1968), we established a general rule of law that, upon reconviction or resentencing after an appeal, a district court may not impose a harsher sentence than was imposed after the original trial. *See* id. at 304, 161 N.W.2d at 657. We based this rule not on constitutional grounds but on "procedural fairness and principles of public policy," specifically, concerns that increased sentences would raise suspicion about the motives of the sentencing judge and would discourage a convicted defendant from exercising his right to appeal. *State v. Prudhomme,* 303 Minn. 376, 380, 228 N.W.2d 243, 246 (1975) (citing *Holmes,* 281 Minn. at 298, 161 N.W.2d at 653). Although the district court's September 2 order did not impose restitution, permitting the district court to order restitution on remand in the present case does not trigger these policy concerns.

In the present case, restitution was ordered as part of the original disposition of Pflepsen's convictions on July 10, 1996. The victim of Pflepsen's crimes had suffered what the district court characterized as "horrific injuries" and had incurred extensive medical and rehabilitative expenses, as well as lost wages. We have recognized that restitution is "primarily intended to compensate victims." *State v. Maidi,* 537 N.W.2d 280, 286 (Minn.1995) (citing to legislative history). To that end, Minn.Stat. § 611A.04, subd. 1(a) (1998) provides that "[a] victim of a crime has the *right* to receive restitution as part of the disposition of a criminal charge * * * if the offender is convicted." (Emphasis added.) Thus, there is no dispute that the court's decision to order restitution on July 10, 1996 was proper. The imposition of restitution in connection with Pflepsen's misdemeanor offenses is also proper. The equities favoring restitution remain unchanged and Minn.Stat. § 609.125, subd. 1(4) specifically allows for restitution to be ordered in connection with a misdemeanor sentence. Thus, ordering Pflepsen to pay restitution to his victim is consistent with public policy.

The record also indicates that the district court's failure to order restitution in the September 2 order was a mistake. The correspondence between the court and the county attorney following the issuance of that order clearly shows that the court decided not to impose restitution "in view of a civil lawsuit pending to address the issue of damages." While such a decision may not be correctable as a "clerical error," as the district court concluded,[4] the decision nonetheless was inconsistent with the law and policy governing restitution. Minnesota Statute section 611A.04, subd. 1(a) states that "[a]n actual or prospective civil action involving the alleged crime shall not be used by the court as a basis to deny a victim's right to obtain court-ordered restitution under this section."

In *Bangert v. State,* 282 N.W.2d 540 (Minn. 1979), we held that a district court could permissibly impose a harsher sentence on remand than it had originally imposed at trial because the original sentence stemmed from an error of law and "[i]t [was] not at all clear that fairness and public policy entitle a defendant to the benefit of a mistake by the sentencing judge." *Id.* at 547. Similarly, in the present case, we believe that the district court's failure to order restitution on September 2, 1997 was more offensive to Minnesota law and policy than would be the imposition of restitution on remand. Accordingly, we hold that the court may order restitution as part of its disposition of Pflepsen's misdemeanor offenses on remand.

We are mindful, however, that the imposition of a sentence on remand may, in certain circumstances, raise concerns of vindictive sentencing. The United States Supreme Court has held that imposing a harsher sentence on remand solely to punish a defendant who has appealed his case is a violation of due process. *See Alabama v. Smith,* 490 U.S. 794, 798, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989) (citing *North Carolina v. Pearce,* 395 U.S. 711, 725, 89 S.Ct. 2072, 23

---

4. Minnesota Rule of Criminal Procedure 27.03, subd. 8 permits a district court to correct clerical errors in sentencing "at any time." In other contexts, we have defined a clerical error as one "which cannot reasonably be attributed to the exercise of judicial consideration or discretion." *Wilson v. City of Fergus Falls,* 181 Minn. 329, 232 N.W. 322 (1930). The district court's decision not to order restitution on September 2, 1997 was a discretionary conclusion based on its view of the equities of this case and the laws governing restitution; as such, it does not constitute a clerical error.

L.Ed.2d 656 (1969)). We conclude, however, that these concerns are not present in this case. As the above analysis indicates, the imposition of restitution on remand in the present case is consistent with Minnesota law and public policy. Restitution is intended to be compensatory, not punitive. *See Maidi*, 537 N.W.2d at 286. Moreover, restitution was part of Pflepsen's original felony sentence and, but for the procedural and legal errors of the district court, would have been part of Pflepsen's misdemeanor sentence. We do not believe that the unique circumstances of this case present the "reasonable likelihood" of vindictive sentencing necessary to trigger a judicial presumption of vindictiveness. *See Smith*, 490 U.S. at 799, 109 S.Ct. 2201 (citing *United States v. Goodwin*, 457 U.S. 368, 373, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982)). However, to alleviate any due process concerns that may exist, we instruct the district court, in resentencing Pflepsen, to comply with all of the sentencing procedures set forth in Minn. R.Crim. P. 27.03 and to issue specific findings as to why restitution is appropriate in this case.

Reversed and remanded for adjudication of conviction and resentencing.