STATE of Minnesota, Respondent,

v.

Robert John VERDON, Appellant.

No. A06–335.

Court of Appeals of Minnesota.

Feb. 20, 2007.

Lori Swanson, Attorney General, James B. Early, Assistant Attorney General, St. Paul, MN, and Stephanie Beckman, Meeker County Attorney, Meeker County Courthouse, Litchfield, MN, for respondent.

Bradford Colbert, Legal Assistance to MN Prisoners, St. Paul, MN, for appellant.

Considered and decided by HUDSON, Presiding Judge; TOUSSAINT, Chief Judge; and MINGE, Judge.

## OPINION

MINGE, Judge.

Appellant contends that the district court erred when it determined that it did not have jurisdiction to correct the Minnesota Offense Code entry on appellant's criminal judgment and warrant of commitment. We reverse and remand.

## FACTS

Appellant Robert Verdon was charged with first-degree felony arson in violation of Minn.Stat. § 609.561, subd. 1 (2002), felony terroristic threats in violation of Minn.Stat. § 609.713, subd. 1 (2002), and felony criminal damage to property in violation of Minn.Stat. § 609.595, subd. 1 (2002). The charges arose out of an apartment-fire incident.

The complaint indicates that officers first noticed the apartment fire when they were attempting to arrest appellant pursuant to a warrant and that during the incident, appellant brandished a firearm and threatened officers. Appellant entered an *Alford*[1] plea to felony arson. In exchange for the plea, the state agreed to dismiss the remaining charges and to recommend a sentence in accordance with the Minnesota Sentencing Guidelines. During the plea hearing, appellant was neither asked about nor did he admit to possessing a firearm while committing arson. The district court accepted appellant's *Alford* plea, sentenced appellant to 88 months, and ordered restitution.

Appellant's Criminal Judgment and Warrant of Commitment (CJWC) includes the assignment of a Minnesota Offense Code (MOC). The MOC describes the offense by using a series of letters and numbers. Here, appellant was assigned code F132A. The first letter, F, indicates the general type of offense: "Arson/Negligent Fires." The first number, 1, indicates the specific offense "Arson 1 (Felony)." The second number, 3, indicates the nature of the property damaged and weapon involved, here, "Inhabited–Firearm." The final number, 2, indicates the type of property, here, "Other Residential." And the final letter, A, indicates that the amount of damage resulting from the offense was more than $1,000.

After his sentence commenced, appellant filed a motion with the district court, requesting an order that the MOC on the CJWC be corrected by deleting the "firearm" reference. Appellant reasoned that such an order was warranted because (1) the elements of the offense to which he pleaded guilty did not include the use or possession of a firearm; (2) the plea-hearing transcript does not contain an admission from appellant of possession or use of a firearm; and (3) the firearm reference deprives appellant of the benefit of his plea agreement because it adversely affects his eligibility for prison programming.

After a hearing, the district court agreed that appellant did not admit possession of a firearm and that firearm possession is not an element of first-degree arson. But the district court found that neither it nor the district court administrator assigns the MOC, that the prosecuting attorney is responsible for assigning the MOC, and that court staff uses the originally assigned MOC when preparing the CJWC, even if the charge is later amended. The district court concluded that it

---

1. *See North Carolina v. Alford,* 400 U.S. 25, 91   S.Ct. 160, 27 L.Ed.2d 162 (1970).

did not have jurisdiction to modify the MOC and denied appellant's motion. This appeal followed.

## ISSUES

I. Did the district court err in determining that it did not have jurisdiction to modify the MOC?

II. Is the district court order refusing to modify the MOC appealable, and, if so, is appellant's request for review timely?

## ANALYSIS

### I.

■ The fundamental issue is whether the district court properly concluded that it lacks jurisdiction to alter the MOC on appellant's CJWC. Questions of a district court's authority and jurisdiction are legal issues subject to de novo review. *Pflepsen*, 590 N.W.2d at 763.

Minn. R.Crim. P. 27.03, subd. 8, provides that "[c]lerical mistakes in judgments, orders, or other parts of the record or errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders." Rule 27.03, subd. 9 provides that "[t]he court at any time may correct a sentence not authorized by law."

■ This court has previously considered interpretations of rule 27.03's civil counterpart, Minn. R. Civ. P. 60.01, for guidance in evaluating clerical errors. *See, e.g., State v. Walsh*, 456 N.W.2d 442, 443 (Minn.App.1990). *See generally* Minn. R.Crim. P. 28.01, subd. 2 ("Except as otherwise provided in these rules, the Minnesota Rules of Civil Appellate Procedure to the extent applicable shall govern appellate procedures in [criminal] cases."). In the civil context, we have defined clerical error as a mistake that "ordinarily is

apparent upon the face of the record and capable of being corrected by reference to the record only." *Walsh*, 456 N.W.2d at 443 (quotation omitted). A clerical error "cannot reasonably be attributed to the exercise of judicial consideration or discretion." *State v. Pflepsen*, 590 N.W.2d 759, 768 n. 4 (Minn.1999).

Here, it is apparent on the record that appellant did not admit that a firearm was involved in the offense, the error on the CJWC can be corrected by reference to the record, and the error cannot be attributed to the exercise of judicial discretion. Therefore, we conclude that the firearm reference in the MOC on appellant's CJWC constitutes a clerical error. Furthermore, because such mistakes may be corrected "at any time" under Minn. R.Crim. P. 27.03, subd. 8, we conclude that appellant's motion to correct the error was timely.

■ The district court concluded that it did "not have the jurisdiction to modify the MOC code designated by the prosecuting attorney." Judicial staff prepares the CJWC. *See* Minn. Prosecutor Manual 3–21 to 3–23 (March 2006). The names of the court administrator and the district court judge appear at the end of the form. *Id.* at 3–22. The CJWC is a court document, and its instructions explain how to complete it. *Id.* at 3–23 to 3–26. The document instructs court staff to "[e]nter the Minnesota Offense Code (MOC) that describes *the offense at the time of sentencing.*" *Id.* at 3–24 (emphasis added). The staff is directed to "the MOC manual for the specific code." *Id.* There is no indication that, when assigning an MOC, the staff is to refer to the prosecutor's complaint or that the prosecutor controls the selection of the code or that the MOC is determined by the offense as charged. Rather, the MOC on the CJWC is based on the "offense at the time of sentencing."

*Id.* As previously stated, Minn. R.Crim. P. 27.03, subd. 8, provides the district court with authority to correct clerical errors and subd. 9 provides authority to correct sentences. Courts alone have the authority to impose sentences. *State v. Olson,* 325 N.W.2d 13, 18 (Minn.1982). We conclude that the CJWC and the MOC on that form are incident to sentencing and that the district court had the authority to correct the MOC.

■ Respondent further contends that the assignment of an MOC for the CJWC is not a part of a sentence, and argues that appellant should pursue his claim through the Department of Corrections (DOC), rather than the district court. We agree that the Commissioner of Corrections, rather than the courts, establishes conditions of incarceration. *See State v. Cook,* 617 N.W.2d 417, 420–21 (Minn.App.2000) ("[T]he Commissioner of Corrections, not the sentencing court, is responsible for determining the conditions of a prisoner's incarceration."), *review denied* (Minn. Nov. 21, 2000); *State v. Burdick,* 355 N.W.2d 176, 178 (Minn.App.1984) ("[T]he legislature authorized only the Commissioner of Corrections to regulate the conduct of inmates while incarcerated. . . .").

But here, appellant does not seek the district court's determination of conditions of his incarceration, rather, appellant seeks amendment of the MOC on the CJWC, which, in turn, the DOC would use to "determine . . . visitation policies as well as security and placement issues. . . ." Minn. Prosecutor Manual at 4–1. Appellant claims that the DOC's use of the code influences his eligibility for prison programming. Reversal of the district court's MOC determination and remand for the district court to correct the MOC does not unduly interfere with the DOC's regulation of appellant's conduct while he is incarcerated. Because the DOC does not have any apparent authority to modify the MOC on the CJWC, it would undoubtedly reject any request by appellant to address his complaint that it is erroneous.

## II.

■ Respondent claims that even if there is jurisdiction, the decision of the district court that it lacked jurisdiction is not appealable. Respondent further claims that even if there is jurisdiction and the district court decision is appealable, appellant's appeal is not timely because it was filed about six months after the original sentencing and more than 60 days after the district court's order rejecting the motion for correction. We combine our analysis of these two issues.

■ The defendant may, as a matter of right, appeal a sentence in a felony case. Minn. R.Crim. P. 28.02, subd. 2(3). Matters related to sentencing may be raised in three ways: appealing from the judgment of conviction, appealing the sentence itself, and appealing the denial of a petition for postconviction relief. *State v. Thomas,* 371 N.W.2d 533, 534–35 (Minn.1985); *State v. Scott,* 529 N.W.2d 11, 12 (Minn.App.1995), *review denied* (Minn. Mar. 14, 1995). This is not an appeal from a conviction. An appeal from an order denying postconviction relief must be taken within 60 days after entry of the order. Minn. R.Crim. P. 28.02, subd. 4(3). This court may extend this time by up to 30 days. *Id.* This would give appellant up to 90 days for a postconviction appeal. Time for appeal of the sentence itself is 90 days. Minn. R.Crim. P. 28.05, subd. 1(1). There is no provision for an extension. *Scott,* 529 N.W.2d at 12. An appeal from a refusal to correct or modify a sentence is taken from the district court order denying the requested relief. *See id.; State v. Stutelberg,* 435 N.W.2d 632, 634 (Minn.App.1989). Thus, the 90 days for sentencing review com-

mences on the date the district court entered its order.

Given the relationship of the MOC and the CJWC to sentencing and the fact that the appeal was filed within 90 days of the district court order, we conclude that the district court's rejection of appellant's motion to correct the MOC is appealable and that this appeal is timely.

## DECISION

Because the district court has the authority to correct clerical errors and court staff is responsible for entering the MOC in the CJWC, we conclude that the district court erred in determining that it did not have jurisdiction to order such a correction of appellant's MOC and remand appellant's motion for further consideration. We further conclude the district court's order is appealable and that this appeal is timely.

**Reversed and remanded.**