STATE of Minnesota, Respondent,

v.

Robert John VERDON, Appellant.

No. A07–1811.

Court of Appeals of Minnesota.

Dec. 9, 2008.

Lori Swanson, Attorney General, James B. Early, Assistant Attorney General, St. Paul, MN, Stephanie Beckman, Meeker County Attorney, Litchfield, MN, for respondent.

Bradford Colbert, Legal Assistance to Minnesota Prisoners, St. Paul, MN, for appellant.

Considered and decided by MINGE, Presiding Judge; SCHELLHAS, Judge; and CRIPPEN, Judge.*

## OPINION

MINGE, Judge.

Appellant contends that the district court's assignment of a Minnesota Offense Code (MOC) to his offense is (1) a denial of his Sixth Amendment right to a jury trial under *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); and (2) erroneous. Because the assignment did not enhance his sentence beyond the presumptive guidelines sentence and because there is a basis in the record for the assignment, we affirm.

## FACTS

On August 16, 2004, appellant Robert John Verdon was charged with first-degree felony arson, felony terroristic threats, and felony criminal damage to property. The charges arose out of an incident that included execution of an arrest warrant and an apartment fire. On May 17, 2005, appellant entered a guilty plea to felony arson under Minn.Stat.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

§ 609.561, subd. 1 (2002), pursuant to *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), and the other charges were dismissed.

At the plea hearing, appellant told the district court that he believed that the state had evidence that was sufficient to prove him guilty. The prosecutor reviewed with appellant the evidence that the state intended to present at a trial, and, without admitting to its accuracy, appellant testified that he was aware that each specific piece of evidence discussed by the prosecutor existed and that, if believed, the evidence supported the state's contention that appellant started the fire. Specifically, the prosecutor asked appellant whether he understood that Investigator Wayne would testify that he saw appellant holding a lighter-fluid container, and appellant replied, "He's going to be introducing statements John Wayne made. I'm not saying it says I was holding lighter fluid.... Because I don't know that. I mean I agree you're gonna be introducing evidence that's gonna try to say I started a fire." The district court accepted appellant's plea, sentenced appellant to 88 months, and ordered restitution.

■ On September 27, 2005, appellant moved to change the Minnesota Offense Code (MOC) on his Criminal Judgment and Warrant of Commitment (CJWC). Appellant argued that the MOC incorrectly indicated that he had a firearm when the crime was committed and that this mistake adversely affected his eligibility for programs offered by the Department of Corrections while he is incarcerated. The MOC entered on appellant's CJWC was "F132A." This code describes his offense by using a series of letters and numbers:

> The first letter, F, indicates the general type of offense: "Arson/Negligent Fires." The first number, 1, indicates the specific offense "Arson 1 (Felony)." The second number, 3, indicates the nature of the property damaged and weapon involved, here, "Inhabited–Firearm." The final number, 2, indicates the type of property, here, "Other Residential." And the final letter, A, indicates that the amount of damage resulting from the offense was more than $1,000.

*State v. Verdon,* 727 N.W.2d 418, 419 (Minn.App.2007).

On November 15, 2005, the district court held a hearing on the motion, and appellant suggested two alternative MOCs (F152A; F182A), which would have changed the third factor in his MOC to specify that his crime was committed with an "Other Weapon" or a "Flammable" instead of a firearm. The district court denied this motion, holding that it did not have any jurisdiction to change the MOC. On appeal, this court held that the district court had jurisdiction, reversed, and remanded for a ruling on the merits of appellant's motion to amend his MOC. *Id.* at 421.

At the post-remand hearing before the district court on June 19, 2007, the state argued that the MOC should remain the same because it stated appellant's offense correctly. On remand, appellant argued that the MOC should be "F112A" which meant that his crime was committed with "No Weapon/Unknown" instead of a firearm, flammable, or other weapon. This MOC was different from the alternatives that had been suggested by appellant at the November 15, 2005 hearing. At the conclusion of the hearing on remand, the district court indicated that it was going to adopt one of the two codes suggested at the November 15, 2005 hearing. Appellant's attorney responded, "Very good, your Honor" and did not object. Appellant's attorney did not suggest that any of the three alternatives he had proposed

would affect appellant's eligibility for programs offered by the Department of Corrections, and appellant's attorney did not request that a jury be empaneled to determine the factual basis for the MOC.

On June 22, 2007, the district court ordered that appellant's MOC be modified from F132A to F182A, to indicate that appellant's crime was committed with a "Flammable" instead of a "Firearm." This appeal follows.

## ISSUES

I. Is appellant's *Blakely* claim reviewable when it was not raised in district court?

II. Does *Blakely* apply to factual determinations incident to the assignment of a MOC after a guilty plea when appellant does not allege that the MOC assignment enhances his sentence?

III. Did the district court commit reversible error when it assigned the MOC?

## ANALYSIS

### I.

■ The first issue is whether this court reviews appellant's *Blakely* claim despite it not being raised in the district court. This court generally will not decide issues which were not raised before the district court, including constitutional questions of criminal procedure. *Roby v. State,* 547 N.W.2d 354, 357 (Minn.1996). At our discretion, however, we may deviate from this rule when the interests of justice require consideration of such issues and doing so would not unfairly surprise a party to the appeal. *Id.* The Minnesota Supreme Court has determined that a defendant's failure to object on *Blakely* grounds at the district court does not forfeit appellate review of an alleged *Blakely* error. *State v. Dettman,* 719 N.W.2d 644, 648 (Minn.

2006). Thus, we will review the alleged *Blakely* error.

### II.

■ The second issue is whether the *Blakely* mandate applies to factual determinations incident to the assignment of a MOC when appellant does not allege that the MOC assignment enhances his sentence. The alleged *Blakely* error in this case presents a constitutional question, which this court reviews de novo. *Dettman,* 719 N.W.2d at 648–49. The *Blakely* line of cases stands for the proposition that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *United States v. Booker,* 543 U.S. 220, 244, 125 S.Ct. 738, 756, 160 L.Ed.2d 621 (2005).

Appellant does not allege that the sentence imposed upon him by the district court exceeds the statutory maximum sentence as described within the Minnesota Sentencing Guidelines. There was neither a dispositional nor a durational departure. Further, appellant does not allege that the June 22, 2007 assignment of the MOC *enhanced* his sentence in any way. Appellant argues simply that *Blakely* was violated because the new MOC went beyond the elements of the offense necessary to support the guilty plea. Regardless of whether the assignment of the MOC was correct, because appellant does not allege that the new MOC enhances his sentence, we conclude that the rule of *Blakely* and the ensuing caselaw defining and applying *Blakely* do not apply.

### III.

■ The third issue is whether the district court's June 22, 2007 assignment of

the MOC was reversible error because the MOC indicated that appellant possessed an "Other Weapon" or "Flammable" when he committed the arson. We review the district court's selection of the MOC as a matter of first impression. We stress that this issue arose because this court determined that the district court had jurisdiction to correct an erroneous MOC that was used to determine conditions of confinement and remanded for consideration of claimed errors. The district court's consideration of the MOC was based on the record.[1] We afford the district court broad discretion to choose an appropriate MOC, and we will apply a clearly erroneous standard of review. *Cf. State v. Critt*, 554 N.W.2d 93, 95 (Minn.App.1996) (applying clearly erroneous standard of review to judicial findings of fact), *review denied* (Minn. Nov. 20, 1996). Findings are clearly erroneous "only if the reviewing court is left with the definite and firm conviction that a mistake has been made." *Fletcher v. St. Paul Pioneer Press*, 589 N.W.2d 96, 101 (Minn.1999) (quotation omitted).

■ Because appellant's guilty plea was an *Alford* plea, "the record" for the purpose of assigning an MOC is broadened. A proper record of a factual basis for an Alford plea may be developed by various means. *See State v. Ecker*, 524 N.W.2d 712, 717 (Minn.1994) (concluding that the defendant's testimony at the plea hearing established an adequate factual basis); *State v. Goulette*, 258 N.W.2d 758, 761 (Minn.1977) (endorsing the use of witness statements or testimony to develop a factual basis). The "better practice" for developing a factual basis for an Alford plea is to discuss the evidence with the defendant on the record at the plea hearing:

> This discussion may occur through an interrogation of the defendant about the underlying conduct and the evidence that would likely be presented at trial, the introduction at the plea hearing of witness statements or other documents, or the presentation of abbreviated testimony from witnesses likely to testify at trial, or a stipulation by both parties to a factual statement in one or more documents submitted to the court at the plea hearing.

*State v. Theis*, 742 N.W.2d 643, 649 (Minn. 2007) (citations omitted). Considering that the "better practice" method of developing a factual basis was followed in this case, we find that the district court could consider the prosecutor's questions to the defendant about evidence that would likely be presented at trial as part of the record supporting the plea. Because the court may consider the prosecutor's questions for the purpose of gauging the propriety of the *Alford* plea, the district court may use the record of that interrogation to determine the appropriate MOC.

■ During the May 17, 2005 guilty plea hearing, appellant never admitted that he possessed lighter fluid. But, appellant never *denied* that he had lighter fluid. When the prosecutor told appellant about the potential testimony of Investigator Wayne and that Investigator Wayne would testify that he saw appellant with lighter fluid, appellant simply stated that he did not *know* what Investigator Wayne

---

1. Appellant argues that the assignment of the MOC was error because the district court went beyond the elements of the offense. However, based on the guidance provided by the Minnesota Prosecutor Manual, to which both parties refer, MOCs are *supposed* to go beyond the offense elements "[b]ecause statutes often do not tell the total picture of the crime" and because using MOC categories provides state agencies additional and valuable crime data that the mere record of convictions cannot supply. Minn. Prosecutor Manual 4–1 (March 2006). Thus, the argument that the MOC must be limited to the elements of the crime runs counter to the purposes of using MOCs.

would testify about. He then agreed with the prosecutor that the state would be introducing evidence that he started the fire. In addition to the testimony at the hearing, the complaint and discovery materials are part of the record in the proceeding, and they indicate that Investigator Wayne noticed an odor of what he believed to be lighter fluid when the fire broke out and that appellant threatened to firebomb the apartment before the fire started. Finally, we note that the MOC does not specify that lighter fluid was used. At a minimum, the MOC states that a "flammable" was used. Here, there is abundant evidence that the arson involved a fire. Of necessity, a "flammable" somehow must be present if there is a fire. Without a "flammable," there is no fire.

Because the testimony and the other materials in the record establish a clear basis for associating appellant's use of lighter fluid, or in any case a "flammable," with the fire, we conclude that the district court's assignment of MOC F132A was not clearly erroneous.

## DECISION

We conclude that the requirements of *Blakely* do not apply to the district court's assignment of an MOC to appellant's offense because it did not enhance his sentence and that the MOC assigned was not error because there is a basis in the record for that MOC.

**Affirmed.**