*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0667**

State of Minnesota,
Respondent,

vs.

John William Zastrow,
Appellant.

**Filed December 27, 2016
Affirmed in part, reversed in part, and remanded
Reyes, Judge**

Hennepin County District Court
File No. 27-CR-14-1108

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Cheri A. Townsend, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Richard Schmitz, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Johnson, Presiding Judge; Reyes, Judge; and T. Smith, Judge.

**U N P U B L I S H E D   O P I N I O N**

**REYES**, Judge

Appellant argues that the district court's restitution order failed to address his argument that restitution should be offset by debts owed to him and that the district court

did not select between alternative award amounts for three victims. Because we conclude that restitution cannot be offset by debts owed but that the district court failed to select between alternative restitution award amounts, we affirm in part, reverse in part, and remand.

## FACTS

In April 2015, appellant John Zastrow, in accordance with a negotiated plea agreement, pleaded guilty to one count of identity theft involving eight or more direct victims in violation of Minn. Stat. § 609.527, subds. 2, 3(5), (2014); three counts of failing to file a personal income-tax return in violation of Minn. Stat. § 289A.63, subd. 1(a) (2014); and three counts of failing to file a corporate income-tax return in violation of Minn. Stat. § 289A.63, subd. 1(a).

At the sentencing hearing, the state dismissed one count of failure to file a personal income-tax return. For the remaining failure-to-file counts, the district court sentenced appellant to concurrent sentences of one year and one day, 13 months, 15 months, 17 months, and 18 months. The district court sentenced appellant to a 105-month stayed prison sentence for the identity theft count, with a downward dispositional departure resulting in ten years of probation to run concurrently with the other sentences. Pursuant to the parties' agreement, the issue of restitution was reserved for 60 days, with the parties filing letter briefs within that time, and "no further hearing would be had."

Both parties filed letter briefs within the agreed-upon 60-day period. The state's letter brief included a proposed restitution findings and order, which provided alternative

2

restitution amounts for three victims for which the district court was to make a check mark to indicate the award amount.[1]

On January 26, 2016, the district court ordered appellant to pay restitution in the amount of $60,360.64. The district court, however, did not use check marks to specify the amount of restitution ordered for the three victims with alternative proposed awards, resulting in both alternatives contributing to the total restitution amount. On February 2, 2016, the state sent a letter to the district court requesting that it specify the amount of restitution ordered for the three victims and refile the order. Appellant filed a notice of appeal on April 22, 2016. On April 26, 2016, the district court issued an amended restitution order, using check marks to specify the amount ordered for the three victims indicated in the state's February 2 letter.

## DECISION

As a preliminary matter, appellant argues that his objection to the January 26 restitution order is not time barred. We agree.

The procedure for challenging the amount or type of restitution ordered is governed by statute: "An offender may challenge restitution, but must do so by requesting a hearing within 30 days of receiving written notification of the amount of restitution requested, or within 30 days of sentencing, whichever is later." Minn. Stat. § 611A.045, subd. 3(b) (2014).

---

[1] For each of the three victims, the alternative restitution amounts were for either the actual amount of losses claimed or the statutory minimum of $1,000.

Here, although appellant challenged restitution and requested a hearing more than 30 days after the district court issued the January 26 order, the parties waived the statutory time restriction when they agreed to submit letter briefs on the issue of restitution within 60 days of sentencing and agreed that there would be no further hearing on the case. *Cf. State v. Doppler*, 590 N.W.2d 627, 634 (Minn. 1999) (noting that parties agreed to waive 14-day statutory requirement to impanel grand jury). Thus, appellant had no other recourse than to appeal the January 26 restitution order, and his objection is timely.

Next, appellant argues that the district court abused its discretion when it ordered him to pay $60,360.64 in restitution because it failed to make findings addressing appellant's argument in favor of offsetting restitution and failed to select an alternative restitution award for three victims. We address each argument in turn.

## I. The district court did not abuse its discretion when it did not directly address appellant's argument in favor of offsetting restitution.

Appellant argues that the district court abused its discretion when it failed to make findings addressing appellant's argument that certain restitution awards should be offset with debts that victims allegedly owed appellant. We disagree.

We review a district court's decision to award restitution for an abuse of discretion. *State v. Tenerelli*, 598 N.W.2d 668, 672 (Minn. 1999). The purpose of the restitution statute is to restore victims to the financial position they were in prior to the crime. *State v. Palubicki*, 727 N.W.2d 662, 666 (Minn. 2007); *see also State v. Pflepsen*, 590 N.W.2d 759, 769 (Minn. 1999). The exclusive factors a district court must consider

4

when determining whether to order restitution are "(1) the amount of economic loss sustained by the victim as a result of the offense; and (2) the income, resources, and obligations of the defendant." Minn. Stat. § 611A.045, subd. 1(a), (2014).

A district court "shall state on the record its reasons for its decisions on restitution if information relating to restitution has been presented." Minn. Stat. § 611A.04, subd. 1(c) (2014). The district court "must have some factual basis" for its restitution determination. *State v. Gaiovnik*, 794 N.W.2d 643, 651 (Minn. 2011). The record itself can provide a factual basis for a restitution award. *State v. Fader*, 358 N.W.2d 42, 48 (Minn. 1984); *see also Gaiovnik*, 794 N.W.2d at 651; *Anderson v. State*, 794 N.W.2d 137 (Minn. App. 2011), *review denied* (Minn. Apr. 27, 2011).

Here, the district court did not directly address appellant's argument that the restitution award should have been offset by debts that victims allegedly owed appellant. The order stated that the district court considered "the files, records and proceedings" and "the factors set forth in Minn. Stat. § 611A.045, subd. 1," without further detail. While it would have been preferable for the district court to elaborate on its reasoning, the record provides sufficient financial information to support an order for restitution.

Moreover, appellant's offsetting argument is without merit. First, it is not a factor for the district court to consider under the statute. In addition, it would have been improper for the district court to offset the restitution awards based on a potential civil lawsuit over alleged amounts owed to appellant. *Pflepsen*, 590 N.W.2d at 768 (holding that it was error not to impose restitution due to pending civil damages lawsuit). Finally, the district court was *required* to order restitution payments of at least $1,000 to each

5

identity theft victim, Minn. Stat. § 609.527, subd. 4(b), (2014), contrary to appellant's assertion that the debts two victims allegedly owed to him completely eliminated their entitlement to restitution. As the state argues, the proper avenue for appellant to receive the amounts owed would be through the civil process, not through an offset based on alleged debts. Thus, the district court did not abuse its discretion when it referenced Minn. Stat. § 611A.045, subd. 1, in the restitution order and did not offset the restitution awards by the purported debts. Accordingly, we affirm the district court's decision not to offset restitution.

**II.      The district court did not select between alternative restitution award amounts for three victims.**

Appellant also asserts that the district court abused its discretion when it failed to use a check mark to select either the actual amount of losses claimed or the $1,000 statutory minimum as a restitution award for three of the victims. The state asserts that the amended restitution order issued on April 26 eliminates this issue. We agree with appellant.

"[T]he filing of a timely and proper appeal suspends the [district] court's authority to make any order that affects the order or judgment appealed from." Minn. R. Civ. App. P. 108.01, subd. 2. The district court "retains jurisdiction as to matters independent of, supplemental to, or collateral to the order or judgment appealed from." *Id.*

On April 22, appellant filed a timely and proper sentencing appeal from the January 26 restitution order. Four days later, the district court issued an amended restitution order. The district court did not have jurisdiction to issue the second order.

6

Thus, with respect to the first restitution order, the district court abused its discretion when it failed to select between alternative award amounts for three of the victims, which resulted in the district court including at least an additional $3,000 in the total restitution award. Therefore, we reverse and remand to the district court to allow it to file an amended restitution order.

**Affirmed in part, reversed in part, and remanded.**