STATE of Minnesota, Appellant,

v.

Carl Lee NODES, Respondent.

No. A13–1772.

Court of Appeals of Minnesota.

June 16, 2014.

Lori Swanson, Attorney General, St. Paul, MN; and John J. Muhar, Itasca County Attorney, David S. Schmit, Assistant County Attorney, Grand Rapids, MN (for appellant).

Cathryn Middlebrook, Chief Appellate Public Defender, F. Richard Gallo, Jr., Assistant Public Defender, St. Paul, MN (for respondent).

Considered and decided by JOHNSON, Presiding Judge; SMITH, Judge; and TOUSSAINT, Judge.*

## OPINION

SMITH, Judge.

We affirm respondent's sentence, including a ten-year conditional release period, because the statutory requirement for lifetime conditional release for sex offenders with a "previous or prior sex offense conviction" does not encompass a sentence imposed as a result of multiple convictions obtained and sentenced simultaneously.

## FACTS

In separate incidents in early 2013, respondent Carl Lee Nodes sexually molested a three-year-old child and a five-year-old child. He pleaded guilty to both first-degree criminal sexual conduct for his assault on the three-year-old child and second-degree criminal sexual conduct for his assault on the five-year-old child.

The district court imposed sentences of 172 months' and 72 months' imprisonment, but it stayed execution of both sentences. Rejecting appellant State of Minnesota's request for a lifetime conditional release period on the second-degree criminal sexual conduct conviction, it held that, if the sentences were ever executed, Nodes would also be subject to a ten-year conditional release period.

## ISSUE

Did the district court err by failing to impose a lifetime conditional release period as part of respondent's sentence?

## ANALYSIS

The state argues that the district court misinterpreted the statutory requirement for a lifetime conditional release period where a defendant has a "previous or prior sex offense conviction." *See* Minn.Stat. § 609.3455, subd. 7(b) (2012). "A conviction is considered a 'previous sex offense conviction' if the offender was convicted and sentenced for a sex offense before the commission of the present offense." *Id.,* subd. 1(f) (2012). "A conviction is considered a 'prior sex offense conviction' if the offender was convicted of committing a sex offense before the offender has been convicted of the present offense, regardless of whether the offender was convicted for the first offense before the commission of the present offense, and the convictions involved separate behavioral incidents." *Id.,* subd. 1(g) (2012). The state argues that the district court should have treated Nodes's conviction for first-degree criminal sexual conduct as a prior sex offense conviction when imposing the registration requirement element of the sentence for his second-degree criminal sexual conduct conviction.

We review questions of statutory interpretation de novo. *State v. Hayes,* 826 N.W.2d 799, 803 (Minn.2013). When interpreting a statute, "we give words and phrases their plain and ordinary meaning." *Id.* (quotation omitted); *see also* Minn. Stat. § 645.08(1) (2012) ("[W]ords and phrases are construed according to rules of grammar and according to their common and approved usage.").

A "prior sex offense conviction" exists when "the offender was convicted of committing a sex offense *before the offender has been convicted* of the present offense." Minn.Stat. § 609.3455, subd. 1(g) (emphasis added). In order for an offend-

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

er to have been "convicted," a "formal adjudication of guilt" must have been recorded "as a separate entry in the file" rather than merely announced in court. *See State v. Pflepsen,* 590 N.W.2d 759, 767 (Minn.1999); *see also State v. Hoelzel,* 639 N.W.2d 605, 609 (Minn.2002) ("The general practice, and a practice to which district courts should adhere, is to have the conviction recorded and appear in a judgment entered in the file."). A judgment of conviction entered into the file at the same time as another conviction is thus not "prior," it is simultaneous. Accordingly, Nodes did not have a "prior sex offense conviction" at the time of the district court's sentencing hearing because his conviction for first-degree criminal sexual conduct had been announced, but not yet recorded in a judgment of conviction.

We also note the legislature's instruction that "the singular includes the plural." *See* Minn.Stat. § 645.08(2) (2012). Applying this principle to Minn.Stat. § 609.3455, subd. 1(g), "present offense" includes "present offenses," meaning all convictions presently before the sentencing court. Thus, all charges tried concurrently are present, not prior, offenses. The district court therefore did not err by imposing a ten-year conditional release requirement rather than a lifetime conditional release requirement.

### DECISION

Because respondent's conviction for first-degree criminal sexual conduct was a present offense before the district court, rather than a previous or prior sex offense, we affirm the district court's imposition of a ten-year conditional release period as part of his sentence.

**Affirmed.**