STATE OF MINNESOTA

IN SUPREME COURT

A13-1772

Court of Appeals                                                        Lillehaug, J.

State of Minnesota,

            Appellant,

vs.                                                                 Filed: May 6, 2015
                                                               Office of Appellate Courts
Carl Lee Nodes,

            Respondent.

_____

Lori Swanson, Attorney General, Saint Paul, Minnesota; and

John J. Muhar, Itasca County Attorney, Scott A. Hersey, Special Assistant Itasca County Attorney, Saint Paul, Minnesota, for appellant.

Cathryn Middlebrook, Chief Appellate Public Defender, Saint Paul, Minnesota, for respondent.

_____

S Y L L A B U S

A defendant who, in a single hearing, is convicted of two sex offenses, one immediately after the other, each arising out of separate behavioral incidents, has a "prior sex offense conviction" under Minn. Stat. § 609.3455, subd. 1(g) (2014), and is subject to lifetime conditional release under Minn. Stat. § 609.3455, subd. 7(b) (2014).

Reversed and remanded.

1

O P I N I O N

LILLEHAUG, Justice.

Appellant Carl Lee Nodes pleaded guilty to two counts of criminal sexual conduct arising from separate behavioral incidents with separate victims. At Nodes's sentencing hearing, the district court adjudicated Nodes guilty of both charges but held that Nodes was not subject to lifetime conditional release under Minn. Stat. § 609.3455, subd. 7(b) (2014), because the two convictions were entered at the same hearing. The State appealed, arguing that a "prior sex offense conviction," as defined by Minn. Stat. § 609.3455, subd. 1(g) (2014), includes a conviction arising from a separate behavioral incident that is entered during the same hearing as a second conviction. The court of appeals affirmed. We granted review. Because we conclude that the definition of "prior sex offense conviction" unambiguously includes a conviction for an offense committed during a separate behavioral incident but entered before a second conviction at the same hearing, we reverse and hold that Nodes is subject to lifetime conditional release.

I.

On March 19, 2013, a Grand Rapids police officer was dispatched to a residence in response to a report of a possible sexual assault of S.R.W., a 3-year-old girl. The officer encountered respondent Nodes, who said that he was the one to whom she needed to speak. Nodes said that he "did it," and when the officer asked whether he did something to S.R.W., Nodes said "yes." The officer then spoke to S.R.W.'s mother and grandmother. The grandmother reported that S.R.W. told her that Nodes had licked her

2

vaginal area. The mother and grandmother told the officer that they confronted Nodes about sexually touching S.R.W., and Nodes admitted he had done so.

In a subsequent interview with police, Nodes admitted that he had touched and licked S.R.W.'s vaginal area, and that he had made her touch his penis. He also admitted that, after that incident, he touched 5-year-old J.J.D.'s vagina with his hand. The State charged Nodes with three counts of criminal sexual conduct. Count one charged Nodes with criminal sexual conduct in the first degree, Minn. Stat. § 609.342, subd. 1(a) (2014), for his conduct with S.R.W.; count two charged Nodes with criminal sexual conduct in the second degree, Minn. Stat. § 609.343, subd. 1(a) (2014), also for his conduct with S.R.W; and count three charged him with criminal sexual conduct in the second degree, Minn. Stat. § 609.343, subd. 1(a), for his conduct with J.J.D.

Nodes pleaded guilty to count one (involving S.R.W.) and count three (involving J.J.D.), pursuant to a plea agreement that called for a 172-month sentence for count one and a concurrent 72-month sentence for count three, with stays of execution for both sentences. The district court did not formally accept the pleas at the plea hearing, but ordered a presentence investigation and a sex offender evaluation.

At Nodes's sentencing hearing, the district court formally accepted the guilty pleas, adjudicated Nodes guilty of the two offenses to which he pleaded guilty, and dismissed count two. The district court stated:

> I will now formally accept the pleas, and on count one adjudicate him guilty of criminal sexual conduct in the first degree, a felony, in violation of Minnesota Statute 609.342, [s]ubd. 1(a) and [s]ubd. 2(a), on or about February 26, 2013, and also on count three, criminal sexual conduct in the

3

second degree, a felony, in violation of Minnesota Statute 609.343, [s]ubd. 1(a) and [s]ubd. 2(a) on or about March 19, 2013.

The court stayed execution of the sentences.[1]

Near the end of the sentencing hearing, the State suggested that, should Nodes's sentences be executed, he would be subject to a 10-year conditional-release period on count one, and lifetime conditional release on count three. The district court disagreed, stating, "being sentenced on two of them on the same day doesn't get you the lifetime." The court therefore set the conditional-release period at 10 years for each count.

The State appealed, arguing that Nodes's conviction of first-degree criminal sexual conduct under count one was a "prior sex offense conviction" for the purpose of determining the length of the mandatory conditional-release period for his sentence for second-degree criminal sexual conduct under count three. As a result, the State argued, Nodes would be subject to mandatory lifetime conditional release under Minn. Stat. § 609.3455, subd. 7(b), as part of his sentence for count three. The court of appeals affirmed the district court, concluding that when multiple convictions are entered on the record at the same time, those convictions are "simultaneous" and neither is a "prior" conviction with respect to the other. Because both of Nodes's convictions were "present" convictions rather than a "past" and a "present" conviction, the court of appeals reasoned, he was not subject to mandatory lifetime conditional release. *State v. Nodes*, 849 N.W.2d 85, 87 (Minn. App. 2014). We granted the State's petition for review.

---

[1] This aspect of the sentence is not before us.

II.

Nodes pleaded guilty to two sex offenses under Minn. Stat. §§ 609.342 and 609.343. The offenses were committed in two distinct incidents separated in time. When an offender is committed to the custody of the commissioner of corrections for a violation of section 609.342 or section 609.343, Minn. Stat. § 609.3455, subd. 6 (2014), requires that the defendant serve a mandatory 10-year conditional-release term upon release from prison. Subdivision 7, however, requires that

> when the court commits an offender to the custody of the commissioner of corrections [for such a violation] and the offender has a previous or prior sex offense conviction, the court shall provide that, after the offender has been released from prison, the commissioner shall place the offender on conditional release for the remainder of the offender's life.

Minn. Stat. § 609.3455, subd. 7(b). [2]

---

[2] We note that the court stayed the execution of Nodes's sentence. It could be argued that the court acted prematurely under Minn. Stat. § 609.3455, subd. 7(b), when it imposed a conditional-release period or that the dispute between the State and Nodes is not yet ripe. *See State v. Murphy*, 545 N.W.2d 909, 917-18 (Minn. 1996) (holding that a challenge to probationary-release conditions was premature because the defendant was not eligible for release for several years). *Compare People v. Pennington*, 178 Cal. Rptr. 3d 135, 144 (Cal. Ct. App. 2014) (concluding that appellant's challenge to a stayed sentence enhancement was not ripe for review because the trial court had suspended the imposition of his sentence and placed him on probation), *review granted on different grounds and opinion superseded*, 339 P.3d 329 (Cal. 2014), *with In re Matthew M.*, 780 N.E.2d 723, 732-33 (Ill. Ct. App. 2002) (holding that a juvenile's challenge to a stayed adult sentence was ripe for consideration even though he would never be required to serve the adult sentence if he did not violate the conditions of his juvenile sentence). We choose not to reach questions of prematurity or ripeness because the parties did not argue them and the record was not developed. Further, the Sentencing Guidelines state that "[t]he court must pronounce the conditional release term *when sentencing* for the following offenses: . . . Minn. Stat. § 609.3455, subds. 6-8." Minn. Sent. Guidelines 2.E.3 (emphasis added). Because the court followed the sentencing guidelines,
(Footnote continued on next page.)

The parties agree that Nodes is subject to mandatory conditional release for each of the convictions if his sentence is executed. The issue before us is whether, when a defendant is adjudicated guilty in a single proceeding of two qualifying sex offenses arising from separate behavioral incidents, the earlier-occurring offense constitutes a "prior sex offense conviction" with respect to the later-occurring offense. This dispute requires us to interpret the meaning of "prior sex offense conviction," as that phrase is used in Minn. Stat. § 609.3455, subd. 1(g).

Statutory interpretation is a question of law that is subject to de novo review. *Christianson v. Henke*, 831 N.W.2d 532, 535 (Minn. 2013). First, we must determine whether the statute is ambiguous. *State v. Jones*, 848 N.W.2d 528, 535 (Minn. 2014). A statute is ambiguous "when the statutory language is subject to more than one reasonable interpretation." *State v. Fleck*, 810 N.W.2d 303, 307 (Minn. 2012). If a statute is susceptible to only one reasonable interpretation, we interpret the statute according to its plain meaning. *State v. Nelson*, 842 N.W.2d 433, 436 (Minn. 2014).

Under the statutory definition, an offender has a " 'prior sex offense conviction' if the offender was convicted of committing a sex offense before the offender has been convicted of the present offense, regardless of whether the offender was convicted for the first offense before the commission of the present offense, and the convictions involved separate behavioral incidents." Minn. Stat. § 609.3455, subd. 1(g). By contrast, the

(Footnote continued from previous page.)
announced a specific conditional-release period, and rejected the State's argument, we have decided to reach the conditional-release issue appealed by the State.

definition of the phrase "previous sex offense conviction" requires that the offender be "convicted and sentenced for a sex offense before the commission of the present offense." Minn. Stat. § 609.3455, subd. 1(f). In construing the meaning of the phrase "prior sex offense conviction," we must consider the meanings of "convicted," "before," and "present offense."

A.

Minnesota Statutes § 609.02, subd. 5 (2014), defines the term "conviction" as "any of the following accepted and recorded by the court: (1) a plea of guilty; or (2) a verdict of guilty by a jury or a finding of guilty by the court." In order to determine whether Nodes was convicted on count one "before" he was convicted on count three, we must decide at what point Nodes's guilty pleas were officially "accepted and recorded by the court." There is no dispute that Nodes's guilty pleas were each formally "accepted" at the sentencing hearing.

As to the requirement that a plea be "recorded" before it is a conviction, Nodes argues, based on *State v. Pflepsen*, 590 N.W.2d 759 (Minn. 1999) and *State v. Hoelzel*, 639 N.W.2d 605 (Minn. 2002), that a plea is not recorded until the district court has prepared and filed a written judgment. In *Pflepsen*, we addressed the meaning of "conviction" in the context of Minn. Stat. § 609.04 (2014), the lesser-included-offense statute, and stated that "we typically look to the official judgment of conviction, which generally appears as a separate entry in the file, as conclusive evidence of whether an offense has been formally adjudicated." 590 N.W.2d at 767. Similarly, in *Hoelzel*, in determining whether the district court had formally adjudicated the defendant guilty of a

7

felony offense, we said that the "general practice, and a practice to which district courts should adhere, is to have the conviction recorded and appear in a judgment entered in the file." 639 N.W.2d at 609.

But in *Pflepsen* and *Hoelzel*, we decided *whether* the defendant had been formally convicted of a particular offense, not *when* that conviction occurred. Moreover, the statements on which Nodes relies were simply descriptions of best practices. More recently, in addressing the timing of a "conviction" in the context of an earlier version of the statute requiring conditional release for sex offenders, Minn. Stat. § 609.109, subd. 7 (1998), we noted that "the clerk's entry of the judgment of conviction under Minn. R. Crim. P. 27.03, subd. 7, is not required to satisfy the Minn. Stat. § 609.02 requirement that a guilty plea be 'recorded by the court.' " *State v. Thompson*, 754 N.W.2d 352, 356 n.4 (Minn. 2008). In *State v. Martinez-Mendoza*, we said more specifically that "a court 'records' a guilty plea upon accepting the guilty plea and adjudicating the defendant guilty on the record." 804 N.W.2d 1, 6 (Minn. 2011) (interpreting the definition of "conviction" in Minn. Stat. § 609.02, subd. 5, to determine when jeopardy attaches); *see also State v. Jeffries*, 806 N.W.2d 56, 63-64 (Minn. 2011).

Because we have held that a guilty plea is "recorded" when a court adjudicates a defendant guilty on the record, that holding is part of the "conviction" definition as though written therein. *Caldas v. Affordable Granite & Stone, Inc.*, 820 N.W.2d 826, 836 (Minn. 2012). Further, this interpretation is consistent with Minn. R. Crim. P. 15.09, which states: "Whenever a guilty plea to an offense punishable by incarceration is entered and accepted by the court, a verbatim record of the proceedings must be made."

8

This record—the court reporter's transcription of the proceedings—is all that is required for a conviction to be "recorded." Therefore, we conclude that the statute, Minn. Stat. § 609.02, subd. 5, clearly and unambiguously provides that a "conviction" occurs when the district court accepts the guilty plea and the acceptance is on the record.

Here, the district court accepted the guilty plea and the acceptance was recorded.[3] Therefore, under Minn. Stat. § 609.3455, subd. 1(g), Nodes was "convicted" on count one at the moment the acceptance was recorded.

B.

Next, we must determine whether Nodes's conviction on count one occurred "before the offender ha[d] been convicted of the present offense." Minn. Stat. § 609.3455, subd. 1(g). This requires us to ascertain the meaning of the terms "before" and "present offense."

We generally give statutory terms their common and ordinary meaning. *State v. Rick*, 835 N.W.2d 478, 482 (Minn. 2013). "Before" is defined as "earlier than." *Webster's Third New International Dictionary of the English Language, Unabridged* 197 (2002). The question then is simply chronological: did the first conviction occur at an earlier time than the second? Although Nodes's two convictions occurred in rapid

---

[3] Nodes's counsel correctly conceded at oral argument that jeopardy attached when the court accepted the plea on the record, but before the judge signed the order and warrant of commitment. Because we have held that jeopardy attaches when the plea is accepted on the record, and thus a conviction has occurred, it would be anomalous to interpret "conviction" differently here.

succession, the conviction on count one plainly occurred earlier than the conviction on count three.

The adjective "present" is defined as "now existing or in progress." *Webster's Third New International Dictionary of the English Language, Unabridged* 1793 (2002). The court of appeals noted that, under Minn. Stat. § 645.08(2) (2014), "the singular includes the plural," and therefore concluded that " 'present offense' includes 'present offenses,' meaning all convictions presently before the sentencing court." *Nodes*, 849 N.W.2d at 87. But even if the phrase "present offense" can include multiple offenses, the canon that the singular includes the plural provides no guidance as to whether one or more offenses are in fact "now existing or in progress." Rather, whether an offense is still in progress before the court depends on whether a conviction has been entered on that offense. When the court announced on the record that Nodes was adjudicated "guilty of criminal sexual conduct in the first degree," in that instant Nodes was convicted of that offense, and in the next instant it was no longer a present offense, but was now a past conviction. Nodes's first conviction, which occurred a moment "before" the second, was at that point a "prior sex offense conviction." When the court then said "and also on count three, criminal sexual conduct in the second degree," count three was the sole "present offense."

Nothing in the statute suggests that a conviction entered at the same hearing as a subsequent conviction cannot function as a "prior sex offense conviction" for the purpose of Minn. Stat. § 609.3455, or that a particular temporal gap between the convictions is required. As long as one conviction is entered before the second, it is a "prior

10

conviction" under the plain language of the statute. Therefore, we conclude that the definition of "prior sex offense conviction" in Minn. Stat. § 609.3455, subd. 1(g), unambiguously includes a conviction for a separate behavioral incident entered before a second conviction, whether at different hearings or during the same hearing. As a result, Nodes is subject to the lifetime conditional-release period under Minn. Stat. § 609.3455, subd. 7(b). We reverse the court of appeals and remand to the district court for resentencing consistent with this opinion.

Reversed and remanded.