*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1953**

State of Minnesota,
Respondent,

vs.

Rocky Lane Zahrowski,
Appellant

**Filed November 9, 2015
Affirmed
Worke, Judge**

Norman County District Court
File No. 54-CR-13-199

Lori Swanson, Attorney General, St. Paul, Minnesota; and

James D. Brue, Norman County Attorney, Ada, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Sara J. Euteneuer, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Hooten, Presiding Judge; Halbrooks, Judge; and Worke, Judge.

## U N P U B L I S H E D   O P I N I O N

**WORKE**, Judge

Appellant challenges the sufficiency of the evidence supporting his convictions of first-degree criminal sexual conduct and argues that his conduct does not meet the statutory definition of soliciting a child to engage in sexual conduct. Additionally,

appellant argues that the district court erred by imposing a lifetime conditional release term and by ordering him to register as a predatory offender for the remainder of his life. We affirm.

**FACTS**

In May 2013, then 15-year-old A.A.A. and 14-year-old E.D.Z. entered into a relationship. A.A.A. and E.D.Z. typically spent time at E.D.Z.'s home because E.D.Z.'s father, appellant Rocky Lane Zahrowski, told them they had to be there. Three weeks after the relationship began, Zahrowski drove A.A.A. and E.D.Z. to a secluded area and instructed E.D.Z. to take off A.A.A.'s clothes. E.D.Z. took off A.A.A.'s clothes and had sex with A.A.A. while Zahrowski watched. A.A.A. testified that it was Zahrowski's idea for A.A.A. and E.D.Z. to have sex. Zahrowski was 54 years old at the time of the incident.

In mid-June 2013, A.A.A. went to Zahrowski's home after receiving a text message from E.D.Z. After speaking with E.D.Z. and A.A.A., Zahrowski carried A.A.A. into a bedroom. Zahrowski helped take off A.A.A.'s clothes and had sex with A.A.A. Immediately afterwards, Zahrowski told E.D.Z. to have sex with A.A.A. and E.D.Z. did so.

On July 24, 2013, Zahrowski took A.A.A. into his room and had sex with her. Zahrowski then told E.D.Z. to enter the room and instructed him to have sex with A.A.A. On another occasion, Zahrowski drove A.A.A. and E.D.Z. to a secluded area and had sex with A.A.A. while E.D.Z. sat in the car.

On July 29, 2013, Deputy Ben Fall received a call from A.A.A.'s father, who expressed concern that Zahrowski had sex with A.A.A. Deputy Fall scheduled and attended a forensic interview with A.A.A. at a children's advocacy center. At the interview, A.A.A. described Zahrowski's inappropriate conduct. Zahrowski was charged with four counts of first-degree criminal sexual conduct, one count of soliciting a child to engage in sexual conduct, and four counts of third-degree criminal sexual conduct. Zahrowski waived his right to a jury trial and a sentencing jury.

Following Zahrowski's bench trial, the district court found Zahrowski guilty on all counts. The district court sentenced Zahrowski to 360 months in prison.[1] The district court also placed Zahrowski on lifetime conditional release and ordered Zahrowski to register as a predatory sex offender for the remainder of his life. This appeal follows.

### DECISION

*Position of Authority*

Zahrowski argues that his first-degree criminal-sexual-conduct convictions cannot stand because the state did not prove beyond a reasonable doubt that he exercised a position of authority over A.A.A. In reviewing a claim of insufficient evidence, we apply the same standard to jury trials and bench trials. *State v. Franks*, 765 N.W.2d 68, 73 (Minn. 2009). We review the record to determine whether the evidence, when viewed in a light most favorable to the verdict, is sufficient to allow the fact-finder to reach the verdict that it did. *State v. Webb*, 440 N.W.2d 426, 430 (Minn. 1989). The verdict shall

---

[1] The district court did not convict and sentence Zahrowski on the third-degree criminal-sexual-conduct charges because they arose out of the same behavioral incidents as the first-degree criminal-sexual-conduct charges. The sentences run concurrently.

not be disturbed if the fact-finder, acting with due regard for the presumption of innocence and the requirement of proof beyond a reasonable doubt, could reasonably conclude that the defendant was guilty of the charged offense. *Bernhardt v. State*, 684 N.W.2d 465, 476–77 (Minn. 2004).

> A person who engages in sexual penetration with another person . . . is guilty of criminal sexual conduct in the first degree if . . . the complainant is at least 13 years of age but less than 16 years of age and the actor is more than 48 months older than the complainant and in a position of authority over the complainant.

Minn. Stat. § 609.342, subd. 1(b) (2012).

A person in a "position of authority":

> includes but is not limited to any person who is a parent or acting in the place of a parent and charged with any of a parent's rights, duties or responsibilities to a child, or a person who is charged with any duty or responsibility for the health, welfare, or supervision of a child, either independently or through another, no matter how brief, at the time of the act.

Minn. Stat. § 609.341, subd. 10 (2012). The statute "does not contain an exclusive list of persons in a position of authority." *State v. Larson*, 520 N.W.2d 456, 461 (Minn. App. 1994), *review denied* (Minn. Oct. 14, 1994). Under the statute, position of authority is "broadly defined." *State v. Willette*, 421 N.W.2d 342, 345 (Minn. App. 1988), *review denied* (Minn. May 16, 1988).

Zahrowski argues he was not in a position of authority because he did not act as A.A.A.'s parent, and his social position did not require him to provide for A.A.A.'s health, welfare, or supervision. We are not persuaded. First, "position of authority" is broadly defined. *Id.* Second, a position of authority exists when a person is independently

4

charged with the supervision of a child, no matter how brief, at the time of the act. Minn. Stat. § 609.341, subd. 10. Here, A.A.A. and E.D.Z. were together at least once a week and usually spent time at the Zahrowski home because Zahrowski told them they had to be at his home. Zahrowski often transported A.A.A. to the Zahrowski household. Finally, the sexual conduct took place in Zahrowski's home and in Zahrowski's vehicle, and Zahrowski was the only adult present when the sexual conduct took place.

Zahrowski also argues he was not in a position of authority because he lacked the power to "command" or "compel" A.A.A. We are not persuaded. First, A.A.A. normally spent time at the Zahrowski home because Zahrowski told A.A.A. and E.D.Z. that they had to be over there. Second, A.A.A. felt she had to let Zahrowski watch when she and E.D.Z. had sex. Additionally, A.A.A. believed Zahrowski made the rules and expected her to have sex with him. Finally, sometimes A.A.A. tried to leave Zahrowski's home, but Zahrowski would not let her leave. Thus, Zahrowski had the power to "command" or "compel" A.A.A.

Finally, Zahrowski claims he was not in a position of authority because A.A.A.'s father never communicated the expectation that he was to act as the "parent in charge" or conferred any obligation when he spoke with him. Zahrowski's argument fails, however, because section 609.341, subdivision 10 does not require one parent to explicitly communicate their expectations to establish a "position of authority." *See State v. Waukazo*, 269 N.W.2d 373, 374–76 (Minn. 1978) (upholding first-degree criminal-sexual-conduct conviction despite lack of express duty or authority to care for the child).

Viewing the evidence in a light most favorable to the verdict, the district court found sufficient facts to convict Zahrowski of first-degree criminal sexual conduct.

*Solicitation*

Zahrowski next argues that his conviction for soliciting a child to engage in sexual conduct must be reversed because the district court did not find that he intended to engage in sexual conduct with E.D.Z. Rather, the district court found that Zahrowski acted with the intent that E.D.Z. engage in sexual conduct. Zahrowski's argument raises a question of statutory interpretation.

Questions of statutory interpretation are reviewed de novo. *State v. Nodes*, 863 N.W.2d 77, 80 (Minn. 2015). "If a statute is susceptible to only one reasonable interpretation, we interpret the statute according to its plain meaning." *Id.* If the statute's language is ambiguous, the court looks to other indicia of legislative intent. *Dupey v. State*, 868 N.W.2d 36, 39 (Minn. 2015).

A person 18 years of age or older who solicits a child to engage in sexual conduct with intent to engage in sexual conduct is guilty of a felony. Minn. Stat. § 609.352, subd. 2 (2012). Zahrowski argues that section 609.352, subdivision 2, requires an actor's intent to engage in sexual conduct with the child they are soliciting. However, section 609.352, subdivision 2, can also reasonably be interpreted to require an actor's intent that the child they are soliciting engage in sexual conduct with another, not necessarily the actor.

"The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature." Minn. Stat. § 645.16 (2014). The intention of the legislature may be determined by considering

6

(1) the occasion and necessity for the law;
(2) the circumstances under which [the law] was enacted;
(3) the mischief to be remedied;
(4) the object to be attained;
(5) the former law, if any, including other laws upon the same or similar subjects;
(6) the consequences of a particular interpretation;
(7) the contemporaneous legislative history; and
(8) legislative and administrative interpretations of the statute.

*Id.* Courts may assume that "the legislature does not intend a result that is absurd, impossible of execution, or unreasonable." Minn. Stat. § 645.17(1) (2014).

In *State v. Koenig*, the Minnesota Supreme Court examined the legislature's intent with regards to section 609.352. 666 N.W.2d 366, 375 (Minn. 2003). The court noted that "[t]he legislature saw a need to protect vulnerable children." *Id.* (citing S. Deb. on S.F. No. 1592 (Mar. 17, 1986) (comments of Sen. Reichgott)). Additionally, the court stated that the legislature appeared to recognize a need to criminalize child solicitation because it "often leads to abuse, prostitution, and kidnapping." *Id.* (citing Hearing on S.F. No. 1592 Before the S. Judiciary Comm. (Feb. 7, 1986) (comments of Sen. Reichgott)).

The legislature's intent is further clarified by the enactment of section 609.352, subdivision 2a. *See* Minn. Stat. § 609.352, subd. 2a (2012) (requiring an actor to act "with the intent to arouse the sexual desire of any person"). Subdivision 2a prohibits a person 18 years of age or older from soliciting a child to engage in sexual conduct, through the use of an electronic device capable of electronic data storage or transmission, with the intent to arouse the sexual desire of any person. Minn. Stat. § 609.352, subd. 2a(1). Requiring an actor, under section 609.352, subdivision 2, to act with the intent to personally engage in sexual conduct with the child he solicited would lead to absurd and

7

unreasonable results. For instance, under such an interpretation, Zahrowski could be convicted of soliciting a child to engage in sexual conduct if he texted E.D.Z. to engage in sexual conduct with A.A.A. But, on the other hand, Zahrowski could not be convicted of the offense if he instructed E.D.Z. in person to have sexual conduct with A.A.A.

Finally, Zahrowski correctly asserts that ambiguous criminal statutes typically should be resolved in favor of the criminal defendant. *See State v. Coonrod*, 652 N.W.2d 715, 722 (Minn. App. 2002) (stating that "penal statutes must be strictly construed, and all reasonable doubt about their meaning must be resolved in favor of the defendant"), *review denied* (Minn. Jan. 21, 2003). However, "this court is not required to give a statute the narrowest possible interpretation." *Id.* The intent of the legislature was to criminalize the solicitation of minors to engage in sexual conduct, with the focus upon solicitation with intent that the minor engage in sexual conduct. The legislature, in criminalizing the solicitation of minors, was not concerned with whether the ultimate sexual act was with the actor, another minor, or a third-party. Requiring an actor to intend to engage in sexual conduct with the child solicited would lead to absurd and unreasonable results and is contrary to the legislature's intent.

### Lifetime Conditional Release

Zahrowski also argues that the district court erred by imposing lifetime conditional release terms because he had not been convicted of a "prior" or a "previous" sex offense. Statutory interpretation involves a question of law and is subject to de novo review. *Nodes*, 863 N.W.2d at 80. Initially, an appellate court must determine whether the statute

8

is ambiguous. *Id.* "If a statute is susceptible to only one reasonable interpretation, we interpret the statute according to its plain meaning." *Id.*

Pursuant to Minnesota Statutes section 609.3455, subdivision 7(b) (2012):

> [W]hen the court commits an offender to the custody of the commissioner of corrections for a violation of section 609.342[2] . . . and the offender has a previous or prior sex offense conviction, the court shall provide that, after the offender has completed the sentence imposed, the commissioner shall place the offender on conditional release for the remainder of the offender's life.

Additionally, pursuant to section 609.3455, subdivision 1(g) (2012):

> A conviction is considered a "prior sex offense conviction" if the offender was convicted of committing a sex offense before the offender has been convicted of the present offense, regardless of whether the offender was convicted for the first offense before the commission of the present offense, and the convictions involved separate behavioral incidents.

Following briefing in this appeal, the Minnesota Supreme Court issued *Nodes*. 863 N.W.2d at 77. Nodes pleaded guilty to two counts of criminal sexual conduct arising from separate behavioral incidents. *Id.* at 78. The supreme court held that "the definition of 'prior sex offense conviction' . . . unambiguously includes a conviction for a separate behavioral incident entered before a second conviction, whether at different hearings *or during the same hearing.*" *Id.* at 82 (emphasis added).

The district court convicted Zahrowski of four counts of first-degree criminal sexual conduct. Each count involved conduct arising from separate behavioral incidents. Following *Nodes*, it is irrelevant that the district court sentenced Zahrowski during one

---

[2] First-Degree Criminal Sexual Conduct.

hearing. *See id.* Therefore, section 609.3455, subdivision 1(g) is not ambiguous, and the district court did not err by ordering lifetime conditional-release terms.

### *Lifetime Predatory Offender Registration*

The district court ordered Zahrowski to register as a predatory sex offender for the remainder of his life. Zahrowski argues the district court's order is erroneous because he (1) does not have a "prior requisite conviction" and (2) was not charged with or convicted of an enumerated offense requiring registration pursuant to Minnesota Statutes section 243.166, subdivision 6(d) (2012).

A person convicted of first-degree criminal sexual conduct must register as a predatory offender. Minn. Stat. § 243.166, subd. 1b(a)(1)(iii) (2012). Additionally, "a person required to register under [section 243.166] shall continue to comply . . . until ten years have elapsed since the person initially registered in connection with the offense, or until the . . . conditional release period expires, *whichever occurs later*." *Id.*, subd. 6(a) (2012) (emphasis added).

Here, the district court convicted Zahrowski on four counts of first-degree criminal sexual conduct. Thus, Zahrowski must register as a predatory offender. *See id.*, subd. 1b(a)(1)(iii). Additionally, as a condition of Zahrowski's sentence, the district court placed Zahrowski on conditional release for the remainder of his life due to his "prior sex offense conviction." Therefore, because Zahrowski's conditional release period expires in more than ten years, the district court did not err by requiring Zahrowski to register as a predatory sex offender for the remainder of his life. *See id.*, subd. 6(a) (requiring

10

registration for ten years or for the length of the conditional release period, "whichever occurs later").

**Affirmed.**