*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A14-1364**

State of Minnesota,
Respondent,

vs.

Derik Chester Rekdal,
Appellant.

**Filed November 16, 2015**
**Reversed and remanded**
**Connolly, Judge**

Dakota County District Court
File No. 19HA-CR-11-1992

Lori Swanson, Attorney General, St. Paul, Minnesota; and

James Backstrom, Dakota County Attorney, Jessica Ann Bierwerth, Stacy Ann St. George, Assistant County Attorneys, Hastings, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jennifer L. Lauermann, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Reyes, Presiding Judge; Connolly, Judge; and Rodenberg, Judge.

**CONNOLLY**, Judge

In this sentencing appeal, appellant challenges the district court's imposition of lifetime conditional release periods for two criminal sexual conduct convictions that occurred virtually simultaneously in time when the record does not reflect that appellant had any other previous or prior convictions for criminal sexual conduct. We reverse and remand.

## FACTS

In the fall of 2010 through the early months of 2011, appellant Derik Chester Rekdal, 19 at the time, had sexual intercourse with two girls, ages 14 and 15. On August 15, 2011 appellant pleaded guilty to two counts of criminal sexual conduct in the third degree as part of a plea agreement. At the plea hearing, the district court informed appellant that once sentenced, he would be subject to a ten-year conditional release period if he violated probation and was sent to prison.

On October 18, 2011, at the sentencing hearing, a different district court judge ruled that if the sentences were to be executed, then appellant would be sentenced to lifetime conditional release. At the sentencing hearing, the district court judge accepted the guilty plea stating, "[W]ith respect to your pleas of guilty to, I believe it was, Count I and II of the complaint, both Criminal Sexual Conduct in the Third Degree, I'm going to accept your pleas of guilty on those offenses." The district court stayed the imposition of the sentence on both counts and placed appellant on probation for ten years.

In 2012 and 2013, appellant admitted to several violations of his conditions of probation. During this time, the district court continued appellant on probation. In May of 2014, appellant admitted to a third probation violation. At the third probation violation hearing, a third district court judge revoked appellant's stay of imposition and imposed executed prison sentences of 36 months on Count I and 48 months on Count II to run concurrently. Additionally, the district court pronounced that appellant was subject to lifetime conditional release on both counts.

## D E C I S I O N

Consistent with the Minnesota Supreme Court decision in *State v. Nodes*, 863 N.W.2d 77, 82 (Minn. 2015), a defendant who, in a single hearing, is convicted of two sex offenses, one immediately after the other, each arising out of separate behavioral incidents, has a "prior sex offense conviction" under Minn. Stat. § 609.3455, subd. 1(g) (2014), and is subject to lifetime conditional release. Appellant argues that the district court simultaneously convicted appellant of two criminal sexual conduct offenses rather than one conviction occurring immediately after the other. As a result, appellant argues he was never convicted of any prior or previous sexual offense and can only be sentenced to the ten-year conditional release period. The state agrees.

Statutory interpretation is a question of law that is subject to de novo review. *Christianson v. Henke*, 831 N.W.2d 532, 535 (Minn. 2013). First, the court must determine whether the statute is ambiguous. *State v. Jones*, 848 N.W.2d 528, 535 (Minn. 2014). A statute is ambiguous "when the statutory language is subject to more than one reasonable interpretation." *State v. Fleck*, 810 N.W.2d 303, 307 (Minn. 2012). If a

3

statute is susceptible to only one reasonable interpretation, the court interprets the statute according to its plain meaning. *State v. Nelson*, 842 N.W.2d 433, 436 (Minn. 2014).

When a court commits an offender to the custody of the commissioner of corrections for a violation of criminal sexual assault in the third degree, "the court shall provide that, after the offender has been released from prison, the commissioner shall place the offender on conditional release for ten years." Minn. Stat. § 609.3455, subd. 6 (2014). Alternatively, when the court commits an offender to the custody of the commissioner of corrections for a violation of criminal sexual assault in the third degree "and the offender has a previous or prior sex offense conviction, the court shall provide that, after the offender has been released from prison, the commissioner shall place the offender on conditional release for the remainder of the offender's life." Minn. Stat. § 609.3455, subd. 7(b) (2014).

By statutory definition, an offender has a

> 'prior sex offense conviction' if the offender was convicted of committing a sex offense before the offender has been convicted of the present offense, regardless of whether the offender was convicted for the first offense before the commission of the present offense, and the convictions involved separate behavioral incidents.

Minn. Stat. § 609.3455, subd. 1(g) (2014). By contrast, the definition of the phrase "previous sex offense conviction" requires that the offender be "convicted and sentenced for a sex offense before the commission of the present offense." Minn. Stat. § 609.3455, subd. 1(f) (2014).

4

"Conviction" is defined as "any of the following accepted and recorded by the court: (1) a plea of guilty; or (2) a verdict of guilty by a jury or a finding of guilty by the court." Minn. Stat. § 609.02, subd. 5 (2014). In *State v. Nodes*, the Minnesota Supreme Court held that Minn. Stat. § 609.02 "clearly and unambiguously provides that a 'conviction' occurs when the district court accepts the guilty plea and the acceptance is on the record." 863 N.W.2d at 81. "As long as one conviction is entered before the second, it is a 'prior conviction' under the plain language of [Minn. Stat. § 609.3455]." *Id.* at 82.

This appeal involves a similar issue to the Minnesota Supreme Court's decision in *State v. Nodes* and thus, discussion of *Nodes* is warranted. Similar to the current case, *Nodes* involved a defendant, who had never before been sentenced for a sex offense, and who pleaded guilty to two sex offenses at the same hearing. On the record at the sentencing hearing in *Nodes* the trial judge stated,

> I will now formally accept the pleas, and on count one adjudicate him guilty of criminal sexual conduct in the first degree, a felony, in violation of Minnesota Statute 609.342, [s]ubd. 1(a) and [s]ubd. 2(a), on or about February 26, 2013, and also on count three, criminal sexual conduct in the second degree, a felony, in violation of Minnesota Statute 609.343, [s]ubd. 1(a) and [s]ubd. 2(a) on or about March 19, 2013.

*Id.* at 79. The *Nodes* court held, "[a] defendant who, in a single hearing, is convicted of two sex offenses, one immediately after the other, each arising out of separate behavioral incidents, has a 'prior sex offense conviction' under Minn. Stat. § 609.3455." *Id.* at 77. The court in *Nodes* ruled that at the time the judge accepted the guilty plea of count one, the defendant was "convicted" and thus, even though the passage of time between the

5

conviction of count one and count two was slight, the defendant had a prior conviction under Minn. Stat. § 609.3455 and was sentenced to lifetime conditional release. *Id.* at 81.

By contrast, in the current case, at the original sentencing hearing, the district court judge merely stated, "with respect to your pleas of guilty to, I believe it was, Count I and II of the complaint, both Criminal Sexual Conduct in the Third Degree, I'm going to accept your pleas of guilty on those offenses." The acceptance of the guilty pleas occurred simultaneously. Under *Nodes*, a conviction at the same hearing will only be treated as a prior conviction if the defendant is "convicted of two sex offenses, *one immediately after the other*, each arising out of separate behavior incidents." *Id.* at 77 (emphasis added). The district court accepted the pleas simultaneously. As a result, appellant was not convicted of one count before he was convicted of the other. By definition, appellant had no previous or prior convictions at the time he was sentenced.

Because the district court erred in imposing lifetime conditional release on appellant, we reverse and remand the case to the district court for imposition of a ten-year conditional release period on each count.

**Reversed and remanded.**

6