*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A23-0712**

State of Minnesota,
Respondent,

vs.

Walter William Finch,
Appellant.

**Filed June 3, 2024
Affirmed in part, reversed in part, and remanded
Larson, Judge**

Ramsey County District Court
File No. 62-CR-21-209

Keith Ellison, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Peter R. Marker, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jessica Merz Godes, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Ede, Presiding Judge; Reyes, Judge; and Larson, Judge.

**NONPRECEDENTIAL OPINION**

**LARSON**, Judge

Appellant Walter William Finch requests a new trial after the district court convicted and sentenced him for two counts of second-degree criminal sexual conduct pursuant to Minn. Stat. § 609.343, subd. 1(a) (2012). Finch argues the district court abused its discretion when it seated a juror who expressed actual bias in favor of alleged sexual-

assault victims. In addition, Finch argues that the district court erred when it imposed a lifetime-conditional-release term for his second conviction because he did not have "a previous or prior sex offense conviction" pursuant to Minn. Stat. § 609.3455, subds. 6-7 (Supp. 2013). Because we conclude the juror did not demonstrate actual bias, we affirm the district court on the first issue. But because the district court erred when it imposed a lifetime-conditional-release term, we reverse and remand for the district court to resentence Finch consistent with this opinion.

## FACTS

In late 2020, Finch's two sons reported that Finch had sexually assaulted them on separate occasions. The state charged Finch with two counts of second-degree criminal sexual conduct pursuant to Minn. Stat. § 609.343, subd. 1(a). The case proceeded to a jury trial.

During jury selection, one prospective juror mentioned on a questionnaire that a neighbor had sexually assaulted her mother when her mother was young. During voir dire, the district court questioned the prospective juror about her statement. The prospective juror stated that after her mother passed away, her father told her about the assault. When the district court asked the prospective juror whether she thought she "could be a fair and an impartial juror to both the State and the Defendant" given what she knew about her mother, the prospective juror replied, "I'd like to think so." The district court then asked: "Okay. In other words, this happened, you know about it; but you understand this is a different situation and different people involved?" The prospective juror then responded: "Uh-huh."

Defense counsel then questioned the prospective juror further:

> DEFENSE COUNSEL:  So thinking that [the sexual assault of your mother] probably wasn't reported, do you have any feelings about that or any thoughts about the fact that it wasn't reported?
>
> PROSPECTIVE JUROR:  I mean it sucks, but it's been so long that I wasn't going to do anything.
>
> DEFENSE COUNSEL:  So you say, "it sucks." What do you mean by that?
>
> PROSPECITVE JUROR:  It's unfortunate that, like whoever did it, wasn't held accountable.  But I don't feel like – that's all the information I have.  I don't want to sound apathetic about it because I'm not.  But it happened so long ago, and I found out about it later, and I never talked to her about [it].  So I just don't really have any feelings about it.  I don't know.
>
> DEFENSE COUNSEL:  Absolutely.  And there's no right or wrong answer. . . . Do you think that you are – would you consider yourself more likely to believe someone who says they were a victim of sexual assault?
>
> PROSPECTIVE JUROR:  Yes, probably. Yeah.
>
> DEFENSE COUNSEL:  So you sort of take them at their word?
>
> PROSECPTVIE JUROR:  I'd like to lean towards that, yeah, because you don't want to think that people are lying.
>
> DEFENSE COUNSEL:  And what kind of things would, uhm, make you not believe them?
>
> PROSEPCTIVE JUROR:  Facts.
>
> DEFENSE COUNSEL:  Thank you.

3

Defense counsel then moved to strike the prospective juror for cause because she "indicated that she was more likely to believe people who say that they are victims of sexual assault, absent facts . . . proving those allegations false." The district court denied the motion, reasoning that although the prospective juror stated that she was inclined to believe accusers, "she also qualified" her answer by stating that she would consider "facts to the contrary, and that's what a trial is all about." The prospective juror was seated on the jury.

The jury found Finch guilty on both counts of second-degree criminal sexual conduct. At the sentencing hearing, the district court stated that it would "accept the jury's findings and the jury verdict and adjudicate [Finch] guilty of both Count I and Count II, which are . . . criminal sexual conduct in the second degree." The district court then sentenced Finch to 48 months in prison for the first count[1] and 51 months in prison on the second count, with both sentences running concurrently. For the first count, the district court imposed a ten-year conditional-release term after confinement. For the second count, the district court imposed a lifetime-conditional-release term after confinement.

This appeal follows.

## DECISION

Finch challenges his conviction, arguing we must reverse and remand for a new trial because the district court erred when it seated a biased juror. In the alternative, Finch

---

[1] The district court first ordered a stayed 48-month prison term, but Finch requested that the district court execute the sentence since it would run concurrently with the 51-month prison term.

asserts that we must reverse and remand for resentencing because the district court erred when it imposed lifetime conditional release on count two. *See* Minn. Stat. § 609.3455, subds. 6-7. We address each argument in turn.

## I.

Finch first argues that the district court erred when it denied his motion to strike the prospective juror for cause. Finch contends the juror demonstrated actual bias that precluded her from acting impartially, and afterwards, the district court failed to rehabilitate the juror by having her swear that she could set aside her bias.

Under both the United States and Minnesota Constitutions, a defendant is entitled to "an impartial jury." U.S. Const. amend. VI, XIV; Minn. Const. art. I, § 6; *State v. Greer*, 635 N.W.2d 82, 87 (Minn. 2001). Accordingly, under Minn. R. Crim. P. 26.02, subd. 5(1)1, a party may challenge a juror for cause if "[t]he juror's state of mind—in reference to the case or to either party—satisfies the court that the juror cannot try the case impartially and without prejudice to the substantial rights of the challenging party." Jurors enjoy a "'presumption' of impartiality." *State v. Ulrich*, 3 N.W.3d 1, 9 (Minn. 2024) (quoting *Irvin v. Dowd*, 366 U.S. 717, 722-23 (1961)). The challenging party bears the burden to show that a "juror expressed a state of mind demonstrating actual bias towards the case or either party." *State v. Munt*, 831 N.W.2d 569, 577 (Minn. 2013) (quotation omitted).

We review a district court's decision to deny a party's for-cause challenge to a juror for an abuse of discretion. *Id.* at 576. Whether a juror is biased "is a question of fact" and we give "great deference to a district court's findings" on the issue. *State v. Fraga*, 864

N.W.2d 615, 623 (Minn. 2015) (quotation omitted). A high degree of deference is warranted because district courts are in a superior "position to observe and judge the demeanor of the prospective juror." *State v. Prtine*, 784 N.W.2d 303, 310 (Minn. 2010). But if a district court erroneously seats a biased juror without adequate rehabilitation, the "conviction must be reversed." *Fraga*, 864 N.W.2d at 625. Defendants do not "forfeit[] the right to challenge the district court's for-cause ruling by not using an available peremptory challenge to remove the juror." *Ries v. State*, 920 N.W.2d 620, 634-35 (Minn. 2018).

Determining whether a district court abused its discretion when it denied a for-cause challenge based on juror bias is a two-step inquiry. *Fraga*, 864 N.W.2d at 623. "We must first determine if the juror expressed actual bias" by evaluating "the juror's voir dire answers in context." *Id.* Second, we must evaluate whether the juror was rehabilitated by stating "unequivocally that [they] will follow the district court's instructions and will set aside any preconceived notions and fairly evaluate the evidence." *Id.* We need only reach the second step if the juror demonstrated actual bias. *See Ulrich*, 3 N.W.3d at 7.

Actual bias requires "more than 'the mere existence of any preconceived notion as to the guilt or innocence of an accused.'" *Munt*, 831 N.W.2d at 577 (quoting *Dowd*, 366 U.S. at 723). Instead, "the challenging party must show that the juror exhibited 'strong and deep impressions' that would prevent her from 'lay[ing] aside [her] impression or opinion' and 'render[ing] a verdict based on the evidence presented in court.'" *Id.* (alterations in original) (quoting *Dowd*, 366 U.S. at 722-23 & n.3). Personal knowledge and connection to a case, along with a strong emotional response to its circumstances, can demonstrate

6

actual bias. *See Fraga*, 864 N.W.2d at 263-65. Nevertheless, a district court acts within its discretion to determine that a juror did not demonstrate actual bias when a juror expresses some commitment to weigh the evidence fairly notwithstanding preconceptions about the case. *See Ulrich*, 3 N.W.3d at 8-9.

Here, although the juror expressed some inclination to believe testimony from alleged victims, she never demonstrated "strong and deep impressions" that she would be unable to set aside and that would preclude her from "render[ing] a verdict based on the evidence." *See Munt*, 831 N.W.2d at 577 (alteration in original) (quotation omitted). First, the juror did not express the kind of strong emotional response typical in juror bias cases. While the juror noted that her mother had been sexually assaulted, she explained that she did not "want to sound apathetic," but the abuse "happened so long ago, and [she] found out about it later" so the juror did not "really have any feelings about [her mother's sexual assault]." Second, while the juror expressed that she would be "more likely to believe someone who says they were a victim of sexual assault," because she does not "want to think that people are lying," she immediately demonstrated a willingness to weigh the evidence fairly when she said "[f]acts" would make her disbelieve an alleged victim.

Finch disagrees, arguing this case is akin to *State v. Logan*, 535 N.W.2d 320 (Minn. 1995). In *Logan*, a juror stated on a questionnaire that he would favor testimony from "police officers over the testimony of other witnesses." 535 N.W.2d at 321. During voir dire, when defense counsel asked the juror whether "it would be virtually impossible for [him] to conclude as a juror that a police officer had testified falsely in this case," the juror responded, "Yes. I think." *Id.* at 322. The supreme court concluded that the juror expressed

actual bias because he "candidly admitted he likely would give greater credence to the testimony of police officers than to the testimony of other witnesses." *Id.* at 324.

*Logan* is distinguishable from the present case. Here, the juror demonstrated neither that it would be "impossible" for her to disbelieve an alleged sexual assault victim nor that she "likely would give greater credence" to an alleged victim than to other witnesses. *See id.* at 322, 324. Instead, although the juror stated that she was inclined to believe alleged sexual-assault victims, she subsequently stated, during the same line of questioning from defense counsel, that facts to the contrary would change her mind.

Because the juror did not express actual bias, we conclude that the district court acted within its discretion when it denied Finch's motion to strike the juror for cause.

## II.

Finch also asserts that the district court erred when it imposed lifetime conditional release for his second conviction because he did not have a prior sex-offense conviction under Minn. Stat. § 609.3455, subds. 6-7. The state agrees with Finch. We can "at any time correct a sentence not authorized by law," including on direct appeal. Minn. R. Crim. P. 27.03, subd. 9, 28.02, subd. 2(3). We review whether the district court imposed a legal sentence de novo. *See State v. Campbell*, 814 N.W.2d 1, 4 (Minn. 2012).

A person who receives a conviction for second-degree criminal sexual conduct is "subject to conditional release under section 609.3455." Minn. Stat. § 609.343, subd. 2(c) (2012). Pursuant to Minn. Stat. § 609.3455, subd. 6, when a district court sentences a defendant to prison for second-degree criminal sexual conduct, "the court shall provide that, after the [defendant] has been released from prison, the commissioner shall place the

8

offender on conditional release for ten years." However, under Minn. Stat. § 609.3455, subd. 7(b), when a district court sentences a defendant to prison for second-degree criminal sexual conduct, "and the [defendant] has a previous or prior sex offense conviction, the [district] court shall provide that, after the [defendant] has been released from prison, the commissioner shall place the [defendant] on conditional release for the remainder of the [defendant's] life."

Under Minn. Stat. § 609.3455, a "prior sex offense conviction" extends to "a conviction for a separate behavioral incident entered before a second conviction, whether at different hearings or during the same hearing." *State v. Nodes*, 863 N.W.2d 77, 82 (Minn. 2015). But where a defendant does not have a prior sex-offense conviction and the district court enters multiple criminal-sexual-conduct convictions *simultaneously* "in the same hearing" a lifetime-conditional-release term is impermissible because there is no "prior sex offense conviction." *State v. Brown*, 937 N.W.2d 146, 157 (Minn. App. 2019), *rev. denied* (Minn. Feb. 18, 2020). Adjudication is simultaneous when there is "no temporal gap whatsoever between a district court's adjudication of offenses, [and] no conviction is entered 'before' the other." *Id.*

Here, we agree with the parties that the district court erred when it imposed a lifetime-conditional-release term for the second count. The record demonstrates that the district court entered convictions for both counts simultaneously. Therefore, when the district court sentenced Finch for the second count, Finch did not have a "prior sex offense conviction" and imposing lifetime conditional release was improper. *See* Minn. Stat.

§ 609.3455, subd. 7(b).  We reverse Finch's sentence for the second count and remand for resentencing consistent with this opinion.

**Affirmed in part, reversed in part, and remanded.**