*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A25-0892**

Brandon Jerome Hanson, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed November 3, 2025**
**Affirmed**
**Connolly, Judge**

Isanti County District Court
File No. 30-CR-16-139

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Jeffrey R. Edblad, Isanti County Attorney, Nicholas J. Colombo, Assistant County Attorney, Cambridge, Minnesota (for respondent)

Brandon J. Hanson, Lino Lakes, Minnesota (pro se appellant)

Considered and decided by Harris, Presiding Judge; Connolly, Judge; and Schmidt, Judge.

**NONPRECEDENTIAL OPINION**

**CONNOLLY**, Judge

Appellant, pro se, challenges the district court's denial of his petition for postconviction relief, arguing that the district court erred by imposing a lifetime term of conditional release instead of a ten-year term. We affirm.

**FACTS**

In March 2016, appellant Brandon Hanson was charged with two counts of first-degree criminal sexual conduct with a victim under the age of 13 and two counts of criminal sexual conduct with a victim under the age of 13 and a significant relationship. Following a jury trial in June 2017, appellant was found guilty on all four counts.

At the sentencing hearing in November 2017, he was sentenced on count one, then on count two, and placed on lifetime conditional release. In April 2024, appellant moved to modify his sentence, arguing that, because he did not have a prior sex-offense conviction when he was sentenced on count two, he should have received a ten-year conditional-release term, not a lifetime conditional-release term. Following a hearing, the district court denied appellant's motion, and appellant did not challenge the denial on appeal.

However, in April 2025, appellant filed another motion to modify his sentence, using the same or very similar arguments. The district court denied the motion in May 2025, noting that the motion was actually a request for reconsideration of its November 2024 order.

Appellant challenges this order, arguing once again that the district court erred by imposing a lifetime term of conditional release.[1]

---

[1] Appellant's brief addresses only the merits of his second motion to modify his sentence, not the district court's determination that the second motion was actually an impermissible request for reconsideration of the district court's denial of his first motion. Appellant waived both his right to challenge the district court's denial of his first motion by not filing a direct appeal and his right to challenge its denial of his second motion by not addressing the reconsideration issue in his appellate brief. *See Melina v. Chaplin*, 327 N.W.2d 19, 20 (Minn. 1982) (providing that failure to address an argument in a brief is a waiver of that

2

## DECISION

"[A district] court may at any time correct a sentence not authorized by law." Minn. R. Crim. P. 27.03, subd. 9. This court will "afford the [district] court great discretion in the imposition of sentences and reverse sentencing decisions only for an abuse of that discretion." *State v. Soto*, 855 N.W.2d 303, 307-08 (Minn. 2014) (quotation omitted). However, whether a sentence conforms to the requirements of a statute is a question of law and is reviewed de novo. *State v. Williams*, 771 N.W.2d 514, 520 (Minn. 2009).

Appellant was sentenced on two violations of Minn. Stat. § 609.342 (2014). When an offender convicted of criminal sexual conduct under this statute "has a previous or prior sex offense conviction, the court shall provide that, after the offender has been released from prison, the commissioner shall place the offender on conditional release for the remainder of the offender's life." Minn. Stat. § 609.3455, subd. 7(b) (2024). Appellant argues that he was sentenced on count one and count two simultaneously; therefore, he had not been sentenced on count one when he was sentenced on count two; he had no "previous or prior sex offense conviction"; and he should have been sentenced to conditional release for ten years, not for the remainder of his life.

This issue was discussed at the sentencing hearing. The district court said:

> The Court having received the verdict of the jury I do accept that verdict, receive it as to Count I and adjudicate you guilty of the offense of criminal sexual conduct in the first degree in violation of Minnesota Statute 609.342, subd. 1(a).

---

argument). However, in the interests of completeness, we address the merits of his motion to modify his sentence.

The judgment of the law and the sentence of the Court is to sentence you per the Minnesota Sentencing Guidelines to a term of 144 months in the custody of the Commissioner of corrections. . . .

On Count 2 I am also required to order that you be on what's called conditional release for a period of ten years. . . .

With respect to Count 2 the court will pronounce per the recommendation of the Department of Corrections the total sentence of 180 months in the custody of the Commissioner of Corrections concurrent to Count 1. . . . This second count is likewise subject to a ten-year conditional release term.

. . . [Probation Officer], I would like to clarify with respect to conditional release. The jury's verdicts were recorded, both of them together, on the date of the sentencing which leaves the Court to understand that the conditional release period would be for a period of ten years; is that your understanding?

The probation officer replied, "It is not, Your Honor. If there's a Count 1 and Count 2 on a verdict, my understanding is lifetime conditional release." The district court then permitted the parties to argue the issue.

The state's attorney agreed with the probation officer:

[I]t is my understanding . . . that Count 1 would be considered . . . a previous conviction at the time it's received, and therefore Count 2 would require the lifetime conditional release.

. . . .

My interpretation is today's acceptance of Count 1 first and then Count 2 makes Count 1 a previous criminal sexual conduct conviction [and] thereby Count 2 carries the lifetime conditional release requirement.

4

Appellant's attorney responded: "I would argue that the fact that they [the offenses] happened on the same date at simultaneously the same time that they would not qualify as a previous conviction and that it should be the ten year release."

The district court concluded:

> Having reviewed Minnesota Statute 609.3455 and *State v. Nodes*, [863 N.W.2d 77 (Minn. 2015)] and some recent unpublished cases in providing interpretation . . . [t]he Court does accept and enter verdict as to Count 2 on the terms previously ordered. That does subject [appellant] per the recommendation of the Department of Corrections to lifetime conditional release.

In *State v. Nodes*, the district court had said, "'I will now formally accept the pleas, and on count one adjudicate [Nodes] guilty of criminal sexual conduct in the first degree, . . . and also on count three, criminal sexual conduct in the second degree.'" 863 N.W.2d at 79. The supreme court interpreted the district court's statements:

> When the [district] court announced on the record that Nodes was adjudicated "guilty of criminal sexual conduct in the first degree," in that instant Nodes was convicted of that offense, and in the next instant it was no longer a present offense, but was now a past conviction. . . . When the [district] court then said "and also on count three, criminal sexual conduct in the second degree," count three was the sole "present offense."

*Id.* at 82. The supreme court went on to conclude that:

> Nothing in the statute suggests that a conviction entered at the same hearing as a subsequent conviction cannot function as a "prior sex offense conviction" for the purpose of Minn. Stat. § 609.3455, or that a particular temporal gap between the convictions is required. As long as one conviction is entered before the second, it is a "prior conviction" under the plain language of the statute. Therefore, we conclude that the definition of "prior sex offense conviction" in Minn. Stat. § 609.3455, subd. 1(g), unambiguously includes a conviction

5

for a separate behavioral incident entered before a second conviction, whether at different hearings or during the same hearing.

*Id*. In denying appellant's first motion to modify his sentence, the district court found that "[t]his case parallels *Nodes*."

Appellant argues that the district court's use of the phrase "both of them together" early in the hearing meant that there was no interval between the adjudications on count one and count two, and therefore no "prior conviction." But the hearing transcript refutes this argument: the district court clearly adjudicated appellant guilty of count one on page 11, then of count two on page 12, of the transcript, making count one a prior conviction of count two.

Moreover, the case on which appellant relies for this argument, *State v. Brown*, 937 N.W.2d 146 (Minn. App. 2019), is distinguishable. In that case, the district court had said, "You were convicted on June 22, 2018, of the crimes of criminal sexual conduct in the first and second degree. *And standing convicted of those crimes, so you're going to be convicted today on both counts.*" *Brown*, 937 N.W.2d at 155. *Brown* distinguished *Nodes*: "The *Nodes* court did not consider the issue of simultaneous convictions," *id.* at 156, and held that,

> under the plain meaning of Minn. Stat. § 609.3455. subd. 1(g), when a district court convicts an offender simultaneously of multiple sex offenses in the same hearing, the offender does not have a prior sex-offense conviction and is not subject to a lifetime conditional-release term under Minn. Stat. § 609.3455, subd. 7(b), absent another qualifying conviction.

*Id.* at 157.

Because the district court sequentially entered convictions and imposed sentences, lifetime conditional release was required. The district court did not err in denying appellant's motion for modification of his sentence.

**Affirmed.**